PORTER *v.* WHITNEY.

Where lands of non-resident proprietors which are advertised to be sold for taxes, have within three years next preceding such advertisement been taken from one town and annexed to another; the name of the former as well as of the latter town must be expressed in the advertisement, within the meaning of *Stat.* 1785. *ch.* 70. *sec.* 7. [*Revised Statutes ch.* 116. *sec.* 30.]

This was a writ of entry, brought to recover possession of certain lands in the town of *Brownfield.*

In a case stated for the opinion of the Court, it appeared that the title of the tenant was derived from a public sale made by a collector of taxes in *Brownfield,* for the non-payment of taxes assessed by said town of *Brownfield ;*—that the land demanded,

with other lots, was formerly part of the town of *Porter*, and was annexed by law to the town of *Brownfield* within three years next before the time of advertising the same for sale; but that the name of the town of *Porter*, within which the land was formerly situated, was not expressed in the advertisement. And the question was, whether this omission was fatal to the validity of the collector's sale?

This question was argued by *Greenleaf* for the demandant, and *Chase* and *Fessenden*, for the tenant; and the opinion of the Court was delivered as follows, by

MELLEN C. J.   The question in this cause arises upon a part of the seventh section of the *Stat.* 1785. *ch.* 70. which is in these words—" and where the name of *the place* in which " such lands lie may have been altered by any act of this Com- " monwealth, *within three years* next preceding such advertise- " ment, he" (the collector) " shall express not only the present " name, but the name by which the same was last known." The object which the legislature evidently had in view in this enactment was to give effectual notice to all concerned, and prevent any misconception by such an alteration in the name of the place as would essentially alter its description. We ought, therefore, to give such a construction to the law as to attain, as far as may be, the object in view.

In the case before us, it is true the names of the towns of *Brownfield* and *Porter* remain as they were more than three years before the advertisement; but still the name of *the place* where the lands in question lie is changed; it was formerly a part of *Porter*, and is now a part of *Brownfield*. In this view the case seems within the letter of the provision; but if not, it certainly is within its spirit and intention. So far as respects the notice to the proprietor, the annexation of a part of *Porter* to *Brownfield* amounts to the same thing as the formation of a new town, by a new name, out of the tract of land so annexed. The land was assessed, and the notice of sale described it, as situate *generally* in *Brownfield*. The advertisement should have been more particular, and the collector should have gone farther, and stated that it was situate in *that part* of *Brownfield* which was formerly a part of *Porter*, and which had by law been annexed to

*Brownfield.* This would have put the proprietor on his guard, and prevented all mistake and damage.

The proceeding complained of was only about twelve years since; and in all recent cases of this nature the Courts of law have required a strict compliance with legal provisions on the part of the collector in the execution of his duty. In ancient transactions many presumptions are allowed; but in the case at bar there is nothing to be presumed. We have before us the fact which shews the notice to have been irregular and insufficient; and according to the agreement of the parties there must be

*Judgment for the demandant.*