# COUNTY OF PENOBSCOT.

———o———

LINCOLN GETCHELL *versus* ARCHIBALD L. BOYD ET AL.

In case of a dilatory plea, the court will not show it favor by giving the defendant leave to amend, and any defect, though in form only, is fatal on general demurrer.

It is not necessary to demur specially for a formal defect in a plea in abatement. Pleas in abatement should be certain and pleaded without any inconsistency.

This action came up on a plea in abatement, seasonably and duly filed at the return term, by the defendants, to quash the plaintiff's writ, for want of due and legal service on them, as they say, to which the plaintiff demurred, and the defendants joined in demurrer.

The officer's return on said writ, so far as relates to the service on the defendants, is as follows: "On this 22nd day of December, 1857, I summoned the defendants, by giving each of the within named defendants a true and attested copy of this writ in hand for their appearance at court."

APPLETON, J., presiding, overruled the plea in abatement, and ruled that the above return, signed by the officer, constituted a good and legal service on the defendants, and that the defendants answer over. To which ruling the defendants excepted.

*Plea in Abatement.*—And the *said Boyds*, the *said principal* defendants, by A. L. Simpson, Esq., their attorney, comes and defends, &c., where, &c., and prays judgment of the writ aforesaid, and says the same ought to abate, because he says that although his estate and property have been attached by virtue of the said writ, yet by the return thereof it does not appear that said writ was *read to the said defendants, or either of them, or a copy of it left at the last and*

*usual place of abode, as is provided by law*, and as the statute directs. Wherefore they pray judgment of the same writ, that it may be quashed, and for their costs.

*A. C. Smith*, counsel for the plaintiff.

*A. L. Simpson*, counsel for the defendants.

APPLETON, J. The plea in abatement, which was seasonably filed, alleges the service on the defendants to be defective, by reason of a failure to comply with the requirements of the R. S., ch. 119, s. 3. To this there is a general demurrer and joinder in demurrer. The presiding judge sustained the demurrer, and ordered the defendants to answer over, to which exceptions were alleged.

A plea in abatement ought to be pleaded strictly and with precise exactness. 1 Peters' Abr., 49. The greatest precision and certainty possible is required in these pleas. 2 Williams Saund., 209, b. n. It is not enough that the plea contain matter in abatement; it must be pleaded in precise technical form. *Haywood* v. *Chesterry*, 12 Wend. R., 495.

Any defect, though in form only, is fatal on general demurrer. *Clarke* v. *Brown*, 6 N. H. R., 435. It is not necessary to demur specially for a formal defect, in a plea in abatement. *Esdaile* v. *Lund*, 12 Mees. & Wels. R., 606. Nor is it amendable. *Trinda* v. *Durand*, 5 Wend. R., 73. In case of a dilatory plea, says Parke B., in *Esdaile* v. *Lund*, 12 Mees. & Wels. R., 606, " the court cannot show it any favor, and will not give the defendant leave to amend."

The plea commences, " and the said Boyds, the principal defendants, &c., &c., and prays judgment of the writ aforesaid, and says the same ought to abate, because *he says* that although *his* estate and property have been attached by virtue of the said writ, yet by the *return thereof* it does not appear that said writ was read to the said defendants, or either of them, or a copy left at *the last and usual place* of abode, as is provided by law," &c.

In a part of the plea reference is made to only *one* of the

defendants, and to which it does not appear. Nor does the averment negative the fact that a copy was left at the last and usual place of abode of each of these defendants. Whose last and usual abode is referred .to in the plea is not a matter of certainty but of inference. It may have been intended to refer to the last and usual place of abode of the defendant, who, in the singular number, sustains a portion of the burthen of the plea, or it may have referred to that of both defendants, or of their attorney, or of the trustees. The language is extremely vague and inaccurate.

Pleas in abatement "should be certain to every intent, and be pleaded without any repugnancy." 1 Chitty on Pl., (9th Am. ed.,) 457. When a party resorts to the technicalities of the law, he must take special care that he omits none. "Let him who objects to informality in the proceedings of his opponents," remarks RICHARDSON, C. J., in *Clarke* v. *Brown*, 6 N. H. R., 435, "be himself correct in form." Neither in such case is the scriptural injunction inapplicable — "Wherefore let him that thinketh he standeth take heed lest he fall."

The plea in abatement is fatally defective.

*Exceptions overruled.*

TENNEY, C. J., RICE, HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.