STATE *vs.* WILLIAM H. HESELTON.

Somerset.   Decided May 31, 1877.

*Abatement.*

A plea in abatement which tenders an issue upon two or more separate, distinct, and independent matters of fact, is bad for duplicity.

*Thus*, where a plea in abatement to an indictment by the grand jury, averred that the county had not been legally divided into jury districts; that two of the towns had in their jury-boxes more names than the law allowed; that in two other towns no notice of the drawing of the jurors was given: *Held*, that the plea was bad for duplicity.

ON EXCEPTIONS.

INDICTMENT for keeping a drinking house and tippling shop.

The defendant pleaded in abatement "that the body of men who found the indictment [at, &c.] were not a legally authorized body, and had no authority to act in the capacity of grand jurors for the following reasons, to wit:

"1st. Because the county of Somerset has not been divided into jury districts since the last census by the county commissioners, or by any other authorized body, or person as required by law.

"2d. Because the towns of Anson and Palmyra in said county of Somerset, and from each of which towns one grand juror was sent, and composed a part of the panel which found said indictment, had in the jury-box, at the time of the drawing of said jurors, more names than the law allows.

"3d. Because in the towns of Madison and St. Albans in said county of Somerset, and from each of which towns one person, composing the panel which found said indictment, was drawn, no notice was given to the inhabitants of said towns to assemble and be present at the draft of jurors called for, as required by law." [All of which, &c.]

The county attorney filed a general demurrer, which was joined by the defendant and sustained by the court; and the defendant alleged exceptions.

*L. Clay,* for the defendant.

*L. L. Walton,* county attorney, for the state.

WALTON, J. The plea in abatement is bad for duplicity. It tenders an issue upon at least three separate, distinct and independent propositions of fact. First, it avers that the county of Somerset had not been legally divided into jury districts. Second, that the towns of Anson and Palmyra had in their jury-box more names than the law allows. Third, that in the towns of Madison and St. Albans, no notice of the drawing of the jurors was given. Such a plea is clearly bad. *State* v. *Ward,* 63 Maine, 225. *State* v. *Ward,* 64 Maine, 545. Bacon's Abridgment, Abatement, (P). Stephen on Pleading, 253.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and PETERS, JJ., concurred.