## DURA WESTON *vs.* ALBERT C. CARR.

### Kennebec.    Opinion August 6, 1880.

*Intoxicating liquors.    Seizure without warrant.    Reasonable time to procure warrant.    R. S., c. 27, § 34.    Trover.*

When no sufficient reason is given for longer delay, the time during which an officer may keep intoxicating liquors seized without a warrant, before making a complaint and procuring a warrant, should not exceed twenty-four hours.

A demand for intoxicating liquors upon an officer, who is holding it without legal authority, and a refusal to deliver it upon the demand, is sufficient evidence of a conversion to maintain trover.

ON REPORT from superior court, Kennebec county.

The case is stated in the opinion.

*F. E. Bean,* for the plaintiff, cited: *Preston et al.* v. *Drew,* 33 Maine, 558; *Jones* v. *Fletcher,* 41 Maine, 254; *Robinson* v. *Barrows,* 48 Maine, 186; *Vining et al.* v. *Baker et al.* 53 Maine, 544; *Webber* v. *Davis et al.* 44 Maine, 147; *State* v. *Patten et als.* 49 Maine, 383; *Moody* v. *Whitney,* 34 Maine, 563; *Fernald* v. *Chase,* 37 Maine, 289; *Smith* v. *Colby,* 67 Maine, 169; *Freeman* v. *Underwood,* 66 Maine, 229; *State* v. *Howley,* 65 Maine, 100; *State* v. *Erskine,* 66 Maine, 360; R. S., c. 27, § § 34, 35.

*J. H. Potter* and *A. C. Otis,* for the defendant, contended that what would be a reasonable time within which to procure a warrant for liquors seized without a warrant depended upon the circumstances of each case.    In this case it was procured within a reasonable time.    If a warrant is issued it affords full and complete protection to the officer.    That was done in this case.

*Robinson* v. *Barrows*, 48 Maine, 186 ; *Guptill* v. *Richardson*, 62 Maine, 257 ; *Nowell* v. *Tripp*, 61 Maine, 426 ; *Seekins* v. *Goodale*, 61 Maine, 400 ; *Erskine* v. *Helmback*, 14 Wallace, 613 ; *State* v. *Miller*, 48 Maine, 576 ; *Heath* v. *Farnham*, 53 Maine, 172.

LIBBEY, J. This is trover for a barrel containing seventy-two bottles of lager beer.

It appears by the evidence reported, that the defendant, being a deputy sheriff for Kennebec county, on the 29th day of September, 1877, seized the beer at the depot of the Maine Central Railroad Co. in Readfield, without a warrant therefor, and kept it till the 5th day of October, 1877, when he made complaint to a trial justice, at Winthrop, where the defendant then resided, and obtained a warrant for the seizure of the beer.

The plaintiff demanded the beer of the defendant on the second day of October, 1877, and he refused to deliver it to him on the next day. The plaintiff was never arrested on the warrant, and it was never returned to any court, but kept by the defendant, till the last of March, 1878, when in some way, it came into the hands of the trial justice who issued it.

On the fifth of October, 1877, the defendant libeled the beer and a monition was thereupon issued and duly served. It does not appear that any decree of confiscation of the beer was ever made on the libel, nor that there was any order for its return.

The defendant gives no reasons for the delay in procuring the warrant.

By R. S., c. 27, § 34, in all cases where, by the provisions of the chapter "an officer is authorized to seize intoxicating liquors or the vessels containing them, by virtue of a warrant therefor, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant."

The question arises, what is a reasonable time during which an officer, who has seized intoxicating liquors without a warrant, may keep them before making complaint and procuring a warrant for their seizure ?

The power given by this statute to an officer to seize property at pleasure, without a warrant, is an extraordinary one, and can

only be justified on the ground that the public good and the prevention of crime require it. The statute should be construed strictly. The words of the statute imply that the officer cannot keep the liquors longer than is necessary, in the use of due diligence, for the procurement of a warrant. The language is, "for a reasonable time *until he can procure such warrant.*" Here "reasonable time" is defined and limited by what follows, and the officer must use due diligence, if he would protect himself in the discharge of his duty. What is a reasonable time to enable the officer to procure a warrant, must be determined by the facts of the case; but when no sufficient reason is given for longer delay, we think it should not exceed twenty-four hours from the time of seizure.

Intoxicating liquors may be lawfully kept and owned. While so kept they may be seized by an officer under the provisions of this statute. Any deterioration in value while lawfully kept by the officer must be borne by the owner, although he is guilty of no violation of law. *Robinson* v. *Barrows*, 48 Maine, 186.

Some kinds of intoxicating liquors depreciate in value by being kept, and especially lager beer in bottles, in the hot summer weather, soon becomes stale and valueless. The statute requires ten days' notice on the monition. If the officer may keep the liquors six days before procuring a warrant, without good reasons therefor, he may keep them ten or fifteen days; and the owner of lager beer, although guilty of no crime, before he can be heard, would thus be deprived of the value of his property without remedy.

When the plaintiff demanded of the defendant his beer, the defendant was holding it without legal authority, and his refusal to deliver it was sufficient evidence of conversion.

The evidence shows that the cost of the barrel and beer was $15.85. This is the only evidence of value at the time of conversion. The plaintiff should recover that sum with what is equivalent to interest.

*Judgment for plaintiff for $15.85, and interest from October 3, 1877.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and SYMONDS, JJ., concurred.