## STATE *vs.* JOHN RILEY.

### Androscoggin.   Opinion December 23, 1893.

*Intox. Liquors.   Officer.   Arrest.   Delay to prosecute.   R. S., c. 27, § 39.*

An owner of liquors which were seized from him by an officer without a warrant, and kept eight days before a warrant was obtained, without any justification for the delay, cannot be held in criminal proceedings instituted against him personally for having such liquors in his possession for illegal sale; the officer became a trespasser by the delay and the seizure void.

ON EXCEPTIONS.

This was an appeal from the Municipal Court for the City of Lewision, tried in the court below, where the jury returned a verdict of guilty. The defendant moved an arrest of judgment which was overruled, and he then took exceptions.

*Henry W. Oakes*, County Attorney, for State.

The statute authorizes officers in such cases, to seize the liquors without a warrant, and keep them in a safe place for a resonable time, until he can procure a warrant. R. S., c. 27, § 39. The courts have said what is ordinarily held to be a reasonable time: "When no sufficient excuse is given for a longer delay, it should not exceed twenty-four hours from the time of seizure." *Weston* v. *Carr*, 71 Maine, 356; *State* v. *Dunphy*, 79 Maine, 104. But it is difficult to see how this provision has anything whatever to do with the trial of this defendant. The statute is evidently intended as a protection to the individual against unnecessary delay by the officer, and unnecessary delay on his part simply subjects him to a suit for damages, and deprives him of the protection which his warrant ·

would otherwise afford him. *State* v. *McCann*, 61 Maine, 116. "Such direction, as to time is merely directory, and neglect to prosecute speedily, does not exempt the liquors from forfeiture inasmuch as the forfeiture depends upon the breach of the law, and not upon the officer's diligence." *State* v. *Hoxie*, 15 R. I. 251. But this objection comes too late. If open to the defendant, at all, it must be by plea in abatement. It cannot be raised by a motion in arrest of judgment. *State* v. *Carver*, 49 Maine, 588.

*Frank L. Noble*, for defendant.

SITTING:  PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

PETERS, C. J.  Liquors were seized by an officer from the possession of the respondent without a warrant, and kept by him eight days without obtaining a warrant therefor, without any pretense of excuse or justification for the delay. The question is whether the respondent can be personally held as an owner of such liquors under proceedings instituted against him at so late a day. We think not. It was decided in *Weston* v. *Carr*, 71 Maine, 356, that an officer who had seized liquors without a warrant, and delayed for more than twenty-four hours to procure a warrant therefor without reasonable excuse for the delay, was liable as a trespasser to the owner of the liquors for their value. The prosecution in the present case contends that the proceedings might be void as against the liquors and valid as against the respondent personally. It would surely be an odd spectacle to see an owner of liquors punished for having such liquors in his possession for an illegal purpose, and the officer also punished for seizing the liquors from him under a pretended form of law. The two things do not seem consistent with each other.

It was early held in *State* v. *Miller*, 48 Maine, 576, that by the procedure of search and seizure prosecutions, two trials are to be had, one against the liquors, and the other against the

person in whose possession the liquors are found. But there is but one process to start with, and that must be a legal process. The foundation for what is first a single and then a duplicate prosecution is that liquors have been legally seized. A seizure proceeding without an actual seizure would be an anomaly. And an illegal seizure is no seizure.

The seizure here had become wrongful before the respondent was arrested, and the officer became a trespasser *ab initio* for making the seizure. There was not at the expiration of the eight days any seizure that authorized an arrest of the respondent. The foundation which had been laid for it was then gone. In this proceeding an owner of liquors cannot be arrested for a past but only for a present offense. The lapse of time might as well have been eight weeks or eight months as eight days.

The prosecution in support of its position, cites *State* v. *Hoxie*, 15 R. I. 251, which maintains that the requirement that the officer shall immediately procure a warrant where he has made a seizure without one is directory merely, and that the owner of the liquors in the proceedings against him obtains no advantage by the officer's neglect of duty. But our policy, as established in *Weston* v. *Carr*, *ante*, is different. That case decides, in effect, that the duty imposed upon the officer in this respect is mandatory. Nothing but the immediate action of the officer relieves the proceeding from the objection of unconstitutionality. The bill of rights in the Constitution of this State declares prohibition against "all unreasonable searches and seizures." Waiting eight days after a seizure is made before process is obtained whereby to justify the seizure is unreasonable.

We do not doubt the principle stated in the Rhode Island case, that a person accused of an offense cannot set up in excuse of his offense that an officer, while arresting him, or holding him under arrest for such offense, did some unjustifiable harm to him or his property. But that principle does not apply in the case before us. The objection here goes to the process itself under which the officer acted in arresting the respondent, and not to his manner of serving any process. The warrant, issued so unseasonably after the seizure that the officer had become a

trespasser *ab initio* for making the seizure, was unauthorized and illegal, if not void.

The other case cited by the prosecution, *State* v. *McCann,.* 61 Maine, 116, throws no light upon the question, as the facts. are not fully stated by the reporter.

*Exceptions sustained.*