STATE OF MAINE BY COMPLAINT *vs.* PETER BRADLEY.

Cumberland.    Opinion January 8, 1902.

*Constitutional Law. Intoxicating Liquors. Search and Seizure. Complaint. Arrest. Art. 1, § 5, Maine Constitution. R. S., c. 27, § 39.*

That portion of R. S., c. 27, § 39, which authorizes an officer to seize intoxicating liquors without a warrant and to keep them in some safe place for a reasonable time until he can procure a warrant, gives no new or additional authority to search premises. It merely authorizes a seizure without a warrant when such seizure can be made without the unreasonable search which is prohibited by the constitution. To this extent the statute is constitutional and has been frequently upheld by this court. In the present case it does not appear that any search was made, consequently the seizure without a search was unobjectionable.

Upon the trial of a respondent upon the charge contained in a search and seizure complaint and warrant of keeping intoxicating liquors in the place described in the complaint, intended for unlawful sale in this State, if some of the liquors mentioned in the complaint and warrant were found and seized in the place therein described, and were kept there by the defendant intended for unlawful sale, it is immaterial that other liquors were described in the complaint or were seized by the officer and included in his return upon the warrant.

If, in the case of a seizure of intoxicating liquors without a warrant, a respondent is arrested at the time of the seizure and before the issuance of the warrant, even if such arrest is illegal, it in no way affects the validity of the complaint and warrant, and cannot be taken advantage of by a respondent charged with having intoxicating liquors in his possession for an unlawful purpose, either before or after conviction.

Exceptions by respondent.    Overruled.

This case came up from the Superior Court of Cumberland county.

April 17, 1901, deputy sheriffs of Cumberland County twice

searched the premises on Commercial street in Portland known as the "Old Dyer House," for intoxicating liquors intended for illegal sale, as empowered by the latter portion of R. S., c. 27, § 39, intending to procure a warrant later.

On the following day, April 18, a complaint was made to the Portland Municipal Court, which, in addition to the usual form in use in cases where the warrant is obtained prior to the seizure, contained the following allegation, viz:—

"And the said Obed F. Stackpole on oath further complains that he, the said Obed F. Stackpole, at said Portland, on the seventeenth day of April, A. D. 1901, being then and there an officer, to wit, a deputy sheriff, within and for said county, duly qualified and authorized by law to seize intoxicating liquors kept and deposited for unlawful sale and the vessels containing them, by virtue of a warrant therefor, issued in conformity with the provisions of law, did find upon the above described premises:

One jug containing about one gallon of whiskey;

Nine bottles each containing about one-half pint of whiskey;

Three bottles each containing about one pint of whiskey;

Intoxicating liquors as aforesaid and vessels containing the same then and there kept, deposited and intended for unlawful sale as aforesaid, within the State by said Bradley, and did then and there by virtue of this authority as a deputy sheriff as aforesaid, seize the above described intoxicating liquors and the vessels containing the same, to be kept in some safe place for a reasonable time, and hath since kept and does still keep the said liquors and vessels to procure a warrant to seize the same."

Upon this complaint a warrant was issued and returns were made thereon under the date of April 17, 1901, showing the seizure of the liquors described in the complaint and the arrest of the respondent on that day.

There was a conviction in the Municipal Court and an appeal to the Superior Court of Cumberland county, where the respondent was tried before a jury and found guilty.

The judge's charge in the Superior Court contained the following:

"The point has been raised by the attorney for the respondent

that, included in that warrant, were other liquors which were seized somewhat later than the liquors seized at the first visit. . . . . . Now, as I say, even though other liquors may have been included, if the return covers the liquors that were seized on the first visit, the return is sufficient, because the greater includes the less."

After the verdict against him, there was a motion by respondent in arrest of judgment, claiming that the complaint was not sufficient; was not in legal form ; was bad for duplicity; that it showed on its face no authority by which it was issued; and that the return was double, uncertain and defective.

The motion in arrest was overruled, and the exceptions relied upon were to this ruling and the foregoing instruction to the jury.

*R. T. Whitehouse,* county attorney, for State.

*D. A. Meaher,* for respondent.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J. A deputy seized certain intoxicating liquors in a dwelling-house, without a warrant. Upon the next day, and within twenty-four hours thereafter, he made complaint to a municipal court having jurisdiction and obtained a warrant against the liquors previously taken, and then held by him, until he could obtain the warrant. The respondent was tried in the municipal court upon the charge of keeping these intoxicating liquors in the place described in the complaint, intended for unlawful sale in this state. He was found guilty by that court and appealed to the Superior Court in that county. At the trial in the latter court, where he was also found guilty by a jury, he took exceptions to certain instructions of the presiding justice, to his refusal to give certain requested instructions and to the overruling of his motion in arrest of judgment.

It appears from the bill of exceptions, that the complainant, together with another officer, made two visits to the dwelling-house on the night preceding the issuance of the warrant; that upon one of these visits certain of the intoxicating liquors mentioned in the complaint and warrant and in the officer's return upon the warrant were

taken from the person of the defendant, while the other liquors mentioned in the complaint and in the return upon the warrant were found in the place described in the complaint and taken by them. For this reason, the respondent requested the presiding justice to instruct the jury that if the return was made of two seizures, the complaint and warrant became invalid if not amended, and that the warrant was unauthorized, illegal and void as a matter of law. The court refused to give these instructions, but did instruct the jury as follows: "Now as I say, even though other liquors may have been included, if the return covers the liquors that were seized on the first visit, the return is sufficient, because the greater includes the less." The liquors seized on the first visit, referred to in the foregoing instruction, were those found upon the premises.

The respondent was tried upon the charge contained in the complaint of keeping intoxicating liquors in the place described in the complaint, intended for unlawful sale in this state. If some of the liquors mentioned in the complaint and warrant were found and seized in the place therein described, and were kept there by the defendant intended for unlawful sale, he was guilty of the charge. It makes no difference that other liquors were described in the complaint, or were seized by the officer and included in his return, so far as this proceeding is concerned, provided that some of the liquors mentioned in the complaint and warrant were found and seized, or had been previously found and seized by the officer, before obtaining the warrant, in the place described in the complaint. The rulings therefore in this respect were correct.

In the defendant's argument it is urged that a search without a warrant is in violation of our constitution. But the case does not show that any search was made. That portion of R. S., c. 27, § 39, which provides that, "in all cases where an officer may seize intoxicating liquors or the vessels containing them, upon a warrant, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such a warrant," gives no new or additional authority to search premises. It merely authorizes a seizure without a warrant when such seizure can be made without the unreasonable search which is prohibited by the

constitution.    To this extent the statute is constitutional and has been frequently upheld by this court.    *State* v. *McCann*, 59 Maine, 383; *State* v. *LeClair*, 86 Maine, 522.

Again, it is argued that the respondent was arrested at the time of the seizure and before the warrant was obtained.    If this was so, and if such arrest was illegal, it can in no way affect the validity of the complaint and warrant, and it cannot be taken advantage of by a respondent charged with having intoxicating liquors in his possession for an unlawful purpose, either before or after conviction.    There was no reason why the defendant's motion in arrest of judgment should have been sustained.

*Exceptions overruled.*