FRED E. ADAMS *vs.* HEBER H. ALLEN.

Franklin.    Opinion November 21, 1904.

*Intoxicating Liquors.    Search and Seizure.    Warrant.    R. S. (1883),*
*c. 27, §§ 39, 40.*

An officer who seizes property without a warrant, is held to a strict compliance with all the requirements of law authorizing such proceedings.

When an officer seizes intoxicating liquors without a warrant and a warrant is thereafterwards obtained, and the name of the person keeping the liquors is stated in the complaint, the warrant should contain a command to arrest such person and hold him to answer as keeping said liquors intended for unlawful sale.

If the warrant contains no such command, it is unauthorized and void upon its face and can afford no protection to the officer seeking to justify under it.

Motion and exceptions by plaintiff.    Motion sustained.

Action of trespass for taking and carrying away certain liquors the property of the plaintiff.    At the trial in the court below the defendant filed the general issue and a brief statement justifying as a deputy sheriff acting under a warrant issued by virtue of § 39 of c. 27, of the Revised Statutes, (1883.)

The verdict was for the defendant.    The plaintiff thereupon filed a general motion for a new trial and also exceptions to the ruling of the court to the introduction of the warrant under which defendant justified, and also certain instructions of the presiding justice in his charge to the jury.    The motion having been sustained, the court did not consider the exceptions.

Further facts appear in the opinion.

*B. Emery Pratt,* for plaintiff.

The statutes of this state are explicit in their requirements for warrants.    R. S. 1883, c. 27, § 40, also R. S. 1883, c. 27, page 318, prescribed form.    Both require that the warrant should command the officer to apprehend the person named in the complaint and hold him to answer.

This warrant did not command the apprehension of Adams and although he visited Allen within three hours, he was not arrested.

As this warrant was insufficient in form for want of such command to apprehend, it was no justification and should not have been admitted. *Adams* v. *McGlinchy,* 66 Maine, 478; *Gurney* v. *Tufts,* 37 Maine, 133; *Adams* v. *McGlinchy,* 62 Maine, 535; *State* v. *Dunphy,* 79 Maine, 104. This complaint and warrant was the only evidence offered in justification of the taking.

If an officer would invoke the protection of the law, he must himself obey the law. *Railroad* v. *Small,* 85 Maine, 466; *Carter* v. *Allen,* 59 Maine, 297; *Williams* v. *Powell,* 101 Mass. 469; *Dunbar* v. *Johnson* et al., 108 Mass. 521.

*E. E. Richards,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. Trespass for taking and carrying away certain intoxicating liquors and the vessels in which they were contained. The verdict was for the defendant and the plaintiff moves for a new trial.

On June 29, 1901, the defendant without a warrant seized the liquors in question, which were the property of the plaintiff. His plea justified the taking on the ground that as deputy sheriff of Franklin County he lawfully seized the liquors, believing that they were kept and deposited for unlawful sale in this state, and within a reasonable time thereafter procured a warrant commanding him to seize said liquors and vessels and safely keep them until final decision thereon. The plaintiff claims that the proof does not support the plea; that the warrant, which was put in evidence at the trial, was unauthorized and void and could afford no protection to the defendant, because, notwithstanding the name of the defendant as the person so keeping said liquors was known to the complainant and stated in the complaint, yet the warrant contained no command for his arrest.

Every person has a right to be secure against unreasonable seizures and searches, to acquire and protect his property and to a fair trial

before he can be deprived of it. These familiar principles incorporated in our Declaration of Rights should be frequently recurred to and constantly borne in mind in order to protect the rights and liberties of the people from invasion. The officer who resorts to such drastic measures as the seizure of property without a warrant, should be held to a strict compliance with all the requirements of the law authorizing such proceedings. The language and decisions of this court have uniformly been to that effect. "The power given by this statute to seize property at pleasure, without a warrant, is an extraordinary one, and can only be justified on the ground that the public good and the prevention of crime require it. The statute should be construed strictly." *Weston* v. *Carr*, 71 Maine, 357. "It is an integral principle in our system of law and government that ministerial officers assuming to execute a statute or process upon the property or person of a citizen, shall execute it promptly, fully and precisely." *State* v. *Guthrie*, 90 Maine, 448.

The plaintiff justified under R. S. (1883), c. 27, § 39, which, so far as material, reads,—"In all cases where an officer may seize intoxicating liquors or the vessels containing them, upon a warrant, he may seize the same without a warrant, and keep them in some safe place for a reasonable time until he can procure such warrant." Turning to section 40 following for the form of "such warrant" we find among other things this language: "The name of the person so keeping said liquors as aforesaid, if known to the complainant, shall be stated in such complaint, and the officer shall be commanded by said warrant, if he finds said liquors to arrest said person and hold him to answer as keeping said liquors intended for unlawful sale." In the case at bar the name of the plaintiff was known to the officer and stated in the complaint as the person so keeping the liquor, but the complaint contained no prayer for process against him, and the warrant contained no command for his arrest. It may perhaps be suggested that the right to be arrested is not a valuable one, and that the keeper of the property cannot suffer by such an omission in the warrant. The rule however requiring a strict compliance with all the requirements of law in such cases is founded in reason. The command to arrest is intended for the protection of the rights of the

individual as well as of those of society. Arrest is actual notice of the proceedings. The warrant contrary to the ancient form of the common law and the express words of the statute, contained no provision for actual notice to the plaintiff. In proceedings for the condemnation of property where the statute requires actual notice to be given to the owner, constructive notice cannot be substituted as its legal equivalent. The fact that the plaintiff may have had actual notice of the proceedings does not cure the omission in the warrant. In *Hussey* v. *Davis*, 58 N. H. 317, the search-warrant did not command the officer to make return of his proceedings or an inventory as the statute required. He did make return of his proceedings with the required inventory, but it was held that "the defect in the warrant was not cured by his doing what a valid warrant would have required him to do." In *State* v. *Leach*, 38 Maine, 432, a stronger case for the defendant than the one at bar, the warrant contained a command to summon instead of to arrest the keeper of the liquors and was afterwards amended by striking out the command to summon and inserting one to arrest, yet the proceedings were quashed.

Neither can it avail the defendant that his action concerns the property seized and the omission in the warrant was in regard to the person. After the warrant is issued there are two proceedings, one against the property and the other against the person, but as observed by Peters, C. J., in *State* v. *Riley*, 86 Maine, 144, "There is but one process to start with, and that must be a legal process."

The warrant obtained by the defendant was unauthorized and void. Not having obtained a legal warrant within a reasonable time after the seizure of the property, he became a trespasser ab initio and his justification fails.

It is unnecessary to consider the exceptions.

*Motion sustained. Verdict set aside. New trial granted.*