STATE OF MAINE
*vs.*
DONALD G. HARNUM

Cumberland.  Opinion, December 26, 1947.

*John H. Needham, County Attorney,* for State of Maine.

*Gerard Collins,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ.  MANSER, A. R. J.

MURCHIE, J. The respondent herein was convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor at Brewer on February 2, 1947, before a trial justice residing in Orono, who held his court in Brewer for the purpose of trying the case. The respondent did not raise the issue of jurisdiction but carried the case to the Superior Court by appeal. There the issue was raised and the parties joined in submitting it for determination under an Agreed Statement of Facts stipulating that if it was decided that the trial justice had jurisdiction judgment should be for the State and the case be remanded for sentence; otherwise, the remand should be for quashing the complaint. The respondent is not prejudiced by his failure to challenge the jurisdiction of the magistrate when his case was heard originally. If jurisdiction was lacking the action of the magistrate was void, *Lovejoy* v. *Albee,* 33 Me. 414; 54 A. D. 630. Lack of jurisdiction is a defect which may be interposed at any time, *Powers* v. *Mitchell,* 75 Me. 364; *Darling Automobile Co.* v. *Hall et al.,* 135 Me. 382; 197 A. 558; *Charles Cushman Co. et al.* v. *Mackesy et al.,* 135 Me. 490; 200 A. 505; 118 A. L. R. 148. Jurisdictional questions cannot be waived, *State* v. *Slorah,* 118 Me. 203; 106 A. 768; 4 A. L. R. 1256; 14 Am. Jur. 917, Par. 214.

A respondent who pleads not guilty and appeals from a conviction must be considered as substantially admitting his guilt when he agrees that if the court which found him guilty had jurisdiction judgment shall be entered for the State. One making such an admission is entitled to no sympathy, but when the issue is jurisdiction and is to be resolved by statutory construction the case in which it is presented is of far greater importance than the rights of an individual. That principle is implicit in the rule that questions of jurisdiction cannot be waived. *State* v. *Slorah, supra.* The result should not be controlled by either a lack of sympathy for a respondent or an excess of zeal for the enforcement of law.

The issue must be resolved by construing R. S. 1944, Chap. 133, Sec. 10, originally enacted as P. L. 1939, Chap. 245. This reads:

> "Any person accused of an offense cognizable by trial justices, if brought or ordered to appear by an officer before a trial justice, shall be brought or ordered to appear before a trial justice holding court within the town where the alleged offense occurred; but if there is no trial justice within said town, then to a trial justice whose usual place of holding court is nearest to where the offense is alleged to have been committed."

The case is reported under an Agreed Statement of Facts which incorporates the complaint and warrant. It recites that there is no trial justice in Brewer; that there is one in Bangor, whose usual place of holding court is there; that Bangor is adjacent to Brewer and Orono is not; and that Orono is not the nearest town having a trial justice. By necessary implication it indicates that the magistrate was not holding court in Brewer when the offense occurred. His authority to issue the warrant is undoubted. Any trial justice of the county had that authority.

Prior to 1939 trial justices had a geographical criminal jurisdiction to issue warrants and try cases co-extensive with the boundaries of their counties, except for violations of inland fish and game laws, where it covered each and every adjoining county. The enlarged jurisdiction was granted by P. L. 1913, Chap. 206, Sec. 70. The language employed therein, as in the statute to be construed, was designed primarily to regulate the official conduct of officers, but recognized that the appropriate method was through control of court jurisdiction.

The Legislature which enacted the statute to be construed repealed the provision of the 1913 law enlarging the jurisdiction of municipal courts and trial justices and curtailed that of trial justices sharply, not only with reference to their authority subsequent to 1913, but also by comparison

with earlier times. See P. L. 1939, Chap. 229. The effect on trial justices was to deprive all of them except one, determined in a specified manner, of jurisdiction to try any violation of the fish and game laws. The result was accomplished by provision that if an alleged offender was to be taken before such a court, the officer should take him before that one "whose usual place of holding court is nearest to where the offense is alleged to have been committed." These are the closing words of the statute controlling the present case.

Many principles of law established to guide courts in the construction of statutes have been affirmed and reaffirmed in decided cases. That most fundamental is that legislative intention shall be given effect if determinable from the language used, accepting the words in their ordinary signification. Our first Chief Justice said, as early as 1821, in *Porter* v. *Whitney*, 1 Me. 306, at 307, that the court ought:

"to give such a construction to the law as to attain,
as far as may be, the object in view."

Language to the same effect has been used in so many instances that it seems unnecessary to cite further authority.

The legislative intention of P. L. 1939, Chap. 245, is undoubted. It may be said in passing, although that is not material to the present case, that it is identical with that disclosed in P. L. 1939, Chap. 229. It is to require an officer serving a process alleging an offense cognizable by trial justices and electing to use such a court to take his prisoner before a particular one.

The language used is appropriate for the purpose. The statute directs that the accused be taken before a trial justice *holding court within* the town where the offense occurred, as a first directive, and if there is no justice *within* the town, before another plainly designated. For the purposes of this case it is immaterial whether the control words of the first directive identify a trial justice who was holding

court in the town when the offense occurred, regardless of his usual place of holding court. The second is absolute. The magistrate cannot qualify by either test. Jurisdiction must be determined on the basis of the facts as they exist when an offense is committed. It is not subject to control by subsequent action on the part of either officers or trial justices.

That the legislation prohibits an officer from transporting a person charged with an offense cognizable by trial justices before one of his selection, regardless of where the court of such justice was held usually or at a particular time, as he was authorized to do prior to the enactment, does not admit of doubt. That purpose would be defeated if it was construed to permit him to take such person before a trial justice of his selection in the municipality where the offense occurred although that justice was not holding court therein at the time of the offense and did not usually do so. The statute limits the geographical jurisdiction of trial justices for the trial of cases so that a particular one, designated by its terms, and no other, has jurisdiction of each individual violation of law cognizable by trial justices, except violations of the fish and game laws. P. L. 1939, Chap. 229 accomplishes the same result in that field.

The trial justice who issued the warrant in this case had no jurisdiction to try the case, and the mandate must be:

*Case remanded for quashing*
*the complaint.*

DISSENTING OPINION.

MANSER, A. R. J. The statute construed in this case was originally enacted as P. L. of Maine, 1939, Chap. 245, and is now found in R. S. 1944, Chap. 133, Sec. 10. It reads:

> "Any person accused of an offense cognizable by trial justices, if brought or ordered to appear by an officer before a trial justice, shall be brought or ordered to appear before a trial justice holding court within the town where the alleged offense occurred; but if there is no trial justice within said town, then to a trial justice whose usual place of holding court is nearest to where the offense is alleged to have been committed."

As indicated in the majority opinion,

> "A respondent who pleads not guilty and appeals from a conviction must be considered as substantially admitting his guilt when he agrees that if the court which found him guilty has jurisdiction judgment shall be entered for the State."

He hopes to avoid, temporarily at least, punishment for his offense, by asserting want of jurisdiction by the trial justice who held court. The agreed statement of facts recited that the trial justice did hold court in Brewer. This was the city where the defendant lived, and where the offense was alleged to have been committed. The fact was stated in the terms of the statute. It would seem there is no reason to consider alternative provisions of the statute, which are effective only in case there was no trial justice holding court in Brewer. Such alternative provisions start off,

> "but if there is no trial justice within said town" etc.

The court is not called upon to consider "buts" and "ifs." The statute meant what it said.

The trial justice had been duly appointed and qualified. The offense committed was a violation of the motor vehicle law, and the general provisions relating to prosecutions thereunder are found in R. S. 1944, Chap. 19, Sec. 134:

> "Trial justices in their respective counties shall have original and concurrent jurisdiction with municipal courts and the superior court over all prosecutions for violations of the provisions of this chapter."

Under these circumstances, it appears that specious reasoning must be used to negative the purpose and intent of the particular statute now under consideration, and in denial of its plain provisions.

There is no legislative mandate designating where a trial justice shall hold court, and no limitation upon his right to do so in any town in the county.

There is no apparent design on the part of the Legislature to impugn the integrity of trial justices or to curtail their activities, but instead is shown careful consideration of the rights of an accused person, by giving him a hearing before a tribunal holding court in the town where he lives, where the alleged offense was committed, and where witnesses could be readily procured.

Here is no disagreement with the principle cited in the majority opinion, and enunciated by Chief Justice Mellen in *Porter* v. *Whitney*, 1 Me. 306, that

> "We ought, therefore, to give such a construction to the law as to attain, as far as may be, the object in view.'"

The majority opinion cites an amending statute relating to the jurisdiction of municipal courts and trial justices in cases of offenses against the fish and game laws. This is P. L. 1939, Chap. 229, and provides that the officer making arrest shall take the accused before any municipal court, "or a trial justice whose usual place of holding court is nearest to where the offense is alleged to have been committed."

This statute originally provided that game wardens could take the accused "before any trial justice or any municipal court in the county where the offense was committed, *or in any adjoining county.*"

The amendment was patently to prevent an injustice to accused persons, because it furnished opportunity to wardens, who have the right by law to arrest without process, to transport alleged offenders long distances to some mu-

nicipal court or trial justice in any adjoining county, and by-pass other qualified tribunals along the way, even to the extent of going much more than a hundred miles. Such pernicious practice would afford the game warden much greater fees and impose undue hardship on alleged offenders. It is conceded in the majority opinion that the remedial statute was designed primarily to regulate the official conduct of officers.

However, it does not follow that an entirely separate legislative act, limited to a special class of cases and enforced by a particular class of officers, is to be the controlling guide in the interpretation of another act passed by the same Legislature which contained different verbiage.

In the statute under consideration, the offender shall be "brought or ordered to appear before a trial justice holding court within the town where the alleged offense occurred."

In the fish and game law, the requirement is to take the accused before "a trial justice whose usual place of holding court is nearest to where the offense is alleged to have been committed, for a warrant and trial."

Upon this point, the majority opinion comes to the conclusion that the original and main directive in the statute to be construed must be ignored, and the second or "but if" clause be regarded as controlling, and the reason seems to be that, as the word "usual" appears in the fish and game law, it must also be read into the law of general application, although it is not there.

Furthermore, according to the majority opinion, it appears that, if the main directive of the provision in question is to have any application, then the magistrate must be "holding court in the town when the offense occurred." This statement is no inadvertence, because it is later emphasized as follows:

> "That purpose would be defeated if it was construed to permit him (the officer) to take such per-

> son before a trial justice of his selection in the municipality where the offense occurred although that justice was not holding court therein *at the time of the offense* and did not usually do so."

Parenthetically, it may be remarked that there is no justification in the record for the finding that the trial justice was selected by the prosecuting officer. There is no such representation in the agreed statement of facts.

It is safe to assume that the majority of offenses with which a trial justice has to deal are those of men who are found intoxicated on the public streets. Did the Legislature intend to require that a trial justice who holds court in a town on a particular day must be there the night before when the bars and the beer shops close, and the unfortunate drunks fall into the toils of the law, in order to qualify him to pass judgment on the inebriates when they have had time to get sobered up?

According to the majority opinion upon this point, such is the "necessary implication."

Before this judicial legislation becomes the law of this State, it might be suggested that as the prosecuting officer proceeded under the exact terms of the law as enacted, and brought the accused before a trial justice holding court in Brewer, it would be well to ascertain by remand or otherwise whether the trial justice in fact usually held court in Brewer.

Before this court calls the proceeding a nullity, is it justified in assuming the trial justice did not usually hold court in Brewer simply because the framers of the agreed statement of facts did not include the limiting word, which was not in the statute, but followed its exact wording?

In my opinion, the trial justice did have jurisdiction, and in accordance with the terms of the submission upon report, the entry should be:

*Judgment for the State.*

Sturgis, C. J. Joins in dissent.