STATE OF MAINE
*vs.*
FRANK A. BOYNTON

Penobscot.    Opinion, October 22, 1948.

*John H. Needham, County Attorney for
Penobscot County,* for State of Maine.

*James D. Maxwell,* for respondent.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MERRILL, J. This case is before the court on exceptions by the respondent. The respondent was indicted at the January Term, 1948, of the Superior Court for Penobscot County for operating a motor vehicle on October 2, 1947, upon a public way in Brewer while under the influence of intoxicating liquor.

The indictment was returned on the ninth day of January 1948, being the fourth day of said term, and on that day *capias* was issued. On the nineteenth day of the term, the respondent was arraigned upon the indictment and on the same day filed a plea to the jurisdiction. On the same

day the state filed a general demurrer to the plea. The court after hearing sustained the demurrer and overruled the plea, whereupon the respondent seasonably excepted to said ruling. Thereafterwards, on the same day, the respondent was ordered to plead over and proceed to trial and exceptions were filed to this ruling. The respondent entered a plea of not guilty, the case proceeded to trial and a verdict of guilty was rendered. After the charge of the presiding justice the respondent took exceptions to his refusal to give a requested instruction.

The case is now before this court upon the respondent's exceptions to, (1) the sustaining of the demurrer and to the overruling of his plea to the jurisdiction, (2) the order of the court that he plead over and proceed to trial, and (3) the refusal to give the requested instruction. The respondent at the time of argument in the Law Court not only did not urge his exception to the refusal to give the requested instruction but expressly waived the same. We therefore consider only the exceptions to (1) the sustaining of the demurrer to the plea to the jurisdiction, and the overruling of the plea, and (2) the exceptions to the order to plead over and proceed to trial. Decision upon the first exception is decisive of the second.

By his plea the defendant attacks the jurisdiction of the Superior Court to hear and try him upon the indictment on two grounds.

The first ground of attack is that at the time of the finding of the indictment there was still pending upon the docket of the Superior Court his appeal from a conviction before a Trial Justice for the same identical offense, and which appeal he says was in effect still pending at the time he was required to plead to, and when he was tried upon the indictment. Although the complaint and warrant in the appeal case had been quashed after the indictment was found and before the plea to the jurisdiction was filed, the respondent claims that this action was ineffectual; and that therefore, the appeal was still pending at the time he was

required to plead over and proceed to trial upon the indictment.

In his plea, by appropriate allegations of fact, as well as by direct averment, the respondent sets forth that Edward F. Dow, the Trial Justice before whom he was tried and convicted, and from whose sentence he had appealed, had no jurisdiction, under the law as set forth in *State* v. *Harnum*, 143 Me. 133; 56 A. (2nd) 499, to either hear the complaint or sentence him thereon.

The second ground of attack upon the jurisdiction of the Superior Court to hear and try the defendant upon the indictment is that the defendant was originally arrested, for the offense for which he was later convicted, without a warrant; that the officer not only unreasonably delayed, but in fact never obtained a legal warrant from or presented him for his trial thereon before a court of competent jurisdiction; that because of such unreasonable delay and failure he was not subject to indictment for the same offense and trial thereon in the Superior Court.

There is no merit in either of these objections to the jurisdiction of the Superior Court to hear and try him upon the indictment upon which he has been convicted and sentenced.

Although there are many exhibits which are made a part of the bill of exceptions none of them were set out in the plea nor made a part of the same by reference. In determining the exceptions to the sustaining of the demurrer to the plea and the overruling of the plea, we are confined to the plea as filed. We must take our facts from the plea as therein alleged, and being confessed by the demurrer we must accept them as true. The plea must stand or fall by its own strength. In dilatory pleas, and a plea to the jurisdiction is a dilatory plea, "every material fact" necessary to its maintenance "must be clearly stated, and not left to inference or presumption. The court will take knowledge of an implication of law, but not of an inference of fact." *State* v. *Ward,* 64 Me. 545, 549.

The case of *State* v. *Harnum, supra,* is decisive of the proposition that if a Trial Justice assumes to take jurisdiction and convicts in a case over which he has no jurisdiction, and if there be an appeal from such conviction to the Superior Court, such original lack of jurisdiction carries through into the Superior Court and requires that the case be quashed in the Superior Court.

Even if the pendency of another prosecution is a bar to simultaneous prosecution subsequently instituted for the same offense in another court of concurrent jurisdiction (upon which question there is a conflict of authority, and upon which we need express no opinion) to constitute such bar the prior prosecution must be pending before a court of *competent jurisdiction* to determine the cause. Two courts cannot have concurrent jurisdiction when one of them is absolutely without jurisdiction. In this case the defendant's plea to the jurisdiction negatives all jurisdiction of the Superior Court in which it was pending to hear, try, or determine the respondent's pending appeal, as well as the jurisdiction of the Trial Justice who tried and convicted him in the first instance. Such want of jurisdiction is affirmatively shown in the plea both by direct allegation and by averment of facts which bring the case within the rules laid down in *State* v. *Harnum, supra.* It may be noted that the same Trial Justice acted in this case as in the Harnum case, and that the facts set forth in the plea in this case showing his lack of jurisdiction to hear and determine the case against this respondent are the same which were held to show his lack of jurisdiction in the Harnum case.

An appeal pending in the Superior Court from a conviction before a Trial Justice who had no jurisdiction to hear and determine the cause, is not a bar to a trial in the Superior Court for the same offense upon an indictment found and returned while such appeal is pending therein. This being true, the question as to whether the complaint and warrant were properly quashed in the Superior Court is of no importance, for if we should hold them to have been

improperly quashed and therefore in legal effect still pending, the pending appeal which the Superior Court is without jurisdiction to hear and determine would not be a bar to trial upon the indictment for the same offense as that alleged in such complaint and warrant.

The second ground of attack upon the jurisdiction of the Superior Court to hear and try the respondent upon the indictment is based upon the fact that in the first instance the respondent was arrested without a warrant and that there was an unreasonable delay in obtaining a valid warrant from, and presenting the defendant for trial thereon before a court of competent jurisdiction prior to the convening of the Grand Jury on January 6th, which Grand Jury returned the indictment on January 9th. By the plea the defendant alleges, though not by name, that the *Harnum* case, which it is alleged decided that Edward F. Dow had no jurisdiction to hear and try cases in Brewer, was decided by this Court December 26, 1947 and rescript therein was filed the 27th day of December. The plea further alleges "that from the 26th day of December, 1947, to the 6th day of January, 1948, being the day that the Grand Jury for the Superior Court for said County of Penobscot convened, was a period of eight days within which time the said officer who made said arrest could have obtained a warrant, but that the said police officer who made said arrest did not obtain a warrant within a reasonable time thereafter although said Bangor Municipal Court was in session every day from the 26th day of December, 1947, to the 6th day of January, 1948, and the said Harold A. Towle, Esquire, was available as a Trial Justice to hear and try said case." The plea by proper averments had previously stated that both the Bangor Municipal Court and Trial Justice Towle had jurisdiction to hear and determine the cause.

The situation of the plaintiff, so far as this ground of defense is concerned, *according to the facts set forth in the plea* may be summarized as follows: The respondent was arrested by an officer without a warrant, the next morning

the officer obtained a warrant from Trial Justice Dow, who was authorized to issue the same. See *State* v. *Harnum, supra,* where we stated "His authority to issue the warrant is undoubted. Any Trial Justice of the county had that authority." The officer then, instead of taking his prisoner before a court of competent jurisdiction, took him before Trial Justice Dow, *who according to the allegations in the plea* was without jurisdiction to determine the cause, and before whom trial and conviction was had and an appeal taken therefrom. On December 26, 1947 the lack of jurisdiction on the part of Dow became apparent upon the filing of the decision in the *Harnum* case. Between the 26th of December and the convening of the Grand Jury the officer took no steps to obtain a new warrant and prosecute before a court of competent jurisdiction. On this state of facts, by his plea, the respondent poses this question of law: Does the fact that a respondent who was arrested without a warrant, and for whose arrest a legal warrant was seasonably obtained, was presented for trial and tried before a court without jurisdiction to hear and determine the cause, prevent a new prosecution for the same crime before a court of competent jurisdiction? We unhesitatingly answer this question in the negative. On the facts alleged in the plea, the action by the magistrate in hearing and trying the case was void, he being without jurisdiction. *State* v. *Harnum, supra,* and cases cited therein. Former jeopardy does not exist unless the previous trial was before a court of competent jurisdiction. *State* v. *Slorah,* 118 Me. 203; 106 A. 768; 4 A. L. R. 1256; *State* v. *Elden,* 41 Me. 165. Trial and conviction or trial and acquittal before a court without jurisdiction do not prevent another prosecution for the same offense. See *Commonwealth* v. *Peters,* 12 Metc. Mass. 387, 396 where the court says:

> "It being clear that the indictment against the defendant, in the district court of the United States, for the same assault charged in this indictment, was not within the jurisdiction of that court, we may presume that the acquittal there was upon

that ground and not upon the merits. But whether it was so in fact, or not, it is equally clear that no legal judgment could have been rendered on a conviction in that court, and therefore that an acquittal there is no bar to this indictment."

"an acquittal, by a court having no jurisdiction, is in legal consideration no trial, and cannot be a bar to an indictment in a court of competent jurisdiction." *Idem* Page 392.

As said by the Supreme Court of the United States:

"We assume as indisputable, on principle and authority, that before a person can be said to have been put in jeopardy of life or limb the court in which he was acquitted or convicted must have had jurisdiction to try him for the offense charged."

*Grafton* v. *United States,* 206 U. S. 333, 345; 27 S. Ct. 749, 751; 51 L. Ed. 1084; 11 Ann. Cas. 640.

We are not unmindful of the cases cited by the respondent as holding that unreasonable delay in procuring a warrant against one arrested without a warrant prevents prosecution thereon when obtained, the Maine cases being *State* v. *Riley,* 86 Me. 144; 29 A. 920; *Adams* v. *Allen,* 99 Me. 249; 59 A. 62; *Weston* v. *Carr,* 71 Me. 356 and *State* v. *Guthrie,* 90 Me. 448; 38 A. 368. These cases are readily distinguishable from the case at bar. The criminal cases *State* v. *Riley* and *State* v. *Guthrie* are both search and seizure cases. In the former a seizure was made without a warrant and there was an unreasonable delay in procuring one after the seizure. In the latter there was an unreasonable delay in the execution of the warrant after its issue and delivery to the officer. Due to the peculiar nature of the process, and the requirements of statutory and constitutional provisions with respect to search and seizure, the court held that unreasonable delay to procure, in the case of seizure without warrant, or to execute, in the event the officer proceeded under a warrant, rendered the warrants at the time they were executed, in the first instance void, and in the second *"functus officio,* except perhaps for return." In *Weston* v. *Carr,*

*supra,* trover was maintained against the officer who seized liquor without a warrant and unreasonably delayed in procuring one. In *Adams* v. *Allen* trespass *de bonis* was maintained against the officer who after seizing without a warrant obtained a defective one.

R. S. 1944, Chap. 134, Sec. 4 provides:

> "Every sheriff, deputy sheriff, constable, city or deputy marshal, or police officer shall arrest and detain persons found violating any law of the state or any legal ordinance or by-law of a town until a legal warrant can be obtained, and they shall be entitled to legal fees for such service; but if, in so doing, he acts wantonly or oppressively, or detains a person without a warrant longer than is necessary to procure it, he shall be liable to such person for the damages suffered thereby."

The duty thus imposed upon an officer is but co-extensive with the common law powers of an officer to make arrests without a warrant for offenses committed in his presence. Failure to obtain a warrant within a reasonable time makes the officer a trespasser *ab initio,* and subjects him to civil liability therefor. But unless the offense is one for which prosecution cannot be maintained unless the respondent is arrested therefor during its commission, (as, for example, the crime of *"being found* intoxicated in a public place") an illegal arrest without a warrant is no bar to a legal prosecution subsequently instituted. *State* v. *Bradley,* 96 Me. 121; 51 A. 816.

By his plea the respondent treats the proceedings before the justice and the appeal as void, which in fact they were upon the allegations in the plea. He then complains of unreasonable delay, to wit, a failure on the part of the arresting officer to institute a new prosecution before either a Trial Justice or Municipal Court having jurisdiction over the offense for which he had been arrested. The respondent, in taking this position, overlooks the fact that a prosecution before a court without jurisdiction is void, and that never having been in jeopardy his situation is the same as

if no prosecution had ever been had. The only bar because of lapse of time, to the institution of proceedings for "operating a motor vehicle while under the influence of intoxicating liquor" is the statute of limitations. The crime is not *"being found* operating a motor vehicle while under the influence of intoxicating liquor" but "operating a motor vehicle while under the influence of intoxicating liquor." Prosecution therefor may be had at any time, within that limited by the statute of limitations, and it may be prosecuted either before an inferior court or by indictment returned to the Superior Court. These courts have concurrent original jurisdiction of the offense. R. S. 1944, Chap. 19, Sec. 134.

That a prosecution for a crime was had before an inferior court which had no jurisdiction, is no reason for requiring that the new prosecution be instituted before a *similar* court which has jurisdiction. The new prosecution is *de novo,* and may be instituted before any court of competent jurisdiction. Delay or failure on the part of the arresting officer to institute new proceedings before a Trial Justice or Municipal Court having jurisdiction of the offense does not deprive the Superior Court of its jurisdiction to try the respondent upon an indictment regularly returned to it by the Grand Jury.

Insofar as the decisions from other jurisdictions cited by the respondent may be at variance with our opinion as expressed herein, we are neither impressed by their reasoning nor inclined to reach their conclusion.

In the absence of applicable specific statutory or constitutional provisions, neither illegality of arrest in the first instance nor the fact that an arrest is illegal *ab initio* due to failure or delay in obtaining a warrant, nor prosecution before a court without jurisdiction amounts to an immunity bath for crime; nor do they nor do any of them bar a new and independent prosecution for the same crime instituted before a court of competent jurisdiction. The statute of

limitations, the constitutional guaranty against double jeopardy and the constitutional provision vouchsafing to an accused a speedy and impartial trial are sufficient protection to the accused from unwarranted successive prosecutions for his crime. Ordinarily, the right to a speedy trial, is a speedy trial upon an existing charge. Conceivably, successive prosecutions each long delayed over the protests or demand for trial by the accused and then abandoned without reason, and a new one instituted might be so oppressive and prejudicial to the rights of a respondent that such conduct, as a whole, on the part of prosecuting officers would violate his constitutional right to a speedy trial even on a new prosecution. Upon this question we are not called upon to express an opinion. Certainly the facts alleged by the respondent's plea are insufficient to afford such defense, if indeed such a defense could be maintained.

The constitutional right to a speedy trial is a personal privilege granted to the accused and not a limitation upon the power of the state to prosecute for crime. It is a privilege that he may waive. *State* v. *Slorah,* 118 Me. 203; 106 A. 768; 4 A. L. R. 1256. "He must claim his right if he wishes for its protection. *State* v. *Slorah,* 118 Me. 203; 106 A. 768; 4 A. L. R. 1256. If he does not make a demand for trial, he will not be in a position to demand a discharge because of delay in prosecution. 8 R. C. L. 74." *State* v. *Kopelow,* 126 Me. 384, 386; 138 A. 625, 626.

The plea in this case alleges no facts which even tend to show a violation of the respondent's right to a "speedy trial." We have already held herein that the pendency of the respondent's appeal did not deprive the Superior Court of jurisdiction to try him on an indictment for the same offense returned while the appeal was pending. Neither was the respondent's right to a speedy trial violated by the finding of such indictment and his trial thereon. The Superior Court was without jurisdiction to try the respondent upon his pending appeal. He did not raise the jurisdictional question with respect to his former prosecution either be-

fore the Trial Justice or in the Superior Court until after the indictment was returned and after he was presented for arraignment thereon. He, and he alone brought the case to the Superior Court on appeal. If delay there was, it was due to his own conduct and failure to act. Delay in prosecution, caused either by action or inaction on the part of the respondent is a waiver of his right to a speedy trial. *State v. Kopelow, supra.*

So far, we have examined the respondent's plea on its merits according to the facts alleged therein, notwithstanding the fact that in a single dilatory plea he claims two distinct and separate defenses. However, lest this action upon our part be construed in the future as tacit approval of duplicitous dilatory pleas, we will consider the sufficiency of the plea from that aspect.

At common law double pleading, either by separate pleas, or by the inclusion in the same plea of more than one defense, each based upon distinct and independent traversable facts, was not allowable. In the case of dilatory pleas the rule against double pleading was relaxed to the extent that dilatory pleas of different classes could be successively pleaded in their proper order. However, even in dilatory pleas duplicity was not allowable in a single plea. See Gould Pleading, Chapter VIII, Part I, Sec. 1-5. Encyc. Pl. & Prac. Vol. 7, pp. 238-240, inc.

This rule has been recognized and applied by this court to dilatory pleas in criminal cases. With respect to such pleas we said:

> "The respondent must confine his plea to a single point. The point is not necessarily confined to a single fact. It may embrace as many facts as constitute one proposition or matter, making but one defense; but it must not consist of distinct and independent facts, making several matters or defenses. Good reasons for this strictness are found in all the books upon pleading at common law."
> *State v. Ward,* 63 Me. 225. See also *State v. Pike,*

65 Me. 111, 113; *State* v. *Heselton,* 67 Me. 598; *State* v. *Fleming,* 66 Me. 142, 150; 22 Am. Rep. 552.

In the instant case many of the facts alleged in the plea are common to each ground of defense. Some, however, are not. For instance, the pendency of the appeal at the time of the finding of the indictment has no tendency to establish the alleged failure of the officer to obtain a new warrant and his alleged unreasonable delay in so doing. The alleged failure of the officer to obtain a new warrant, and his alleged unreasonable delay in so doing, have nothing to do with establishing the defense based upon the ground that the respondent was indicted while his appeal from the sentence of the Trial Justice was pending in the Superior Court. The defenses of another prosecution pending on an appeal from a conviction in another court of concurrent jurisdiction at the time the indictment was found, and the defense that there was unreasonable delay in obtaining a new warrant and presenting him for trial thereon before a court of competent jurisdiction after it was made to appear, in a distinct legal proceeding against some other respondent, that his first trial was void, are separate and distinct defenses. In part at least each defense is based upon separate, independent and distinct issuable facts. If these were both *sufficient* defenses, as a matter of form the plea would clearly be bad for duplicity. *State* v. *Pike, supra; State* v. *Heselton, supra.* Such defect in a dilatory plea may be taken advantage of by a general demurrer. *State* v. *Heselton, supra.* Every defect in a dilatory plea may be taken advantage of by general demurrer. *Severy* v. *Nye,* 58 Me., 246, 251. *Bellamy* v. *Oliver,* 65 Me., 108; *Getchell* v. *Boyd,* 44 Me. 482. However, as *neither* defense set forth in the plea is valid in substance, as distinguished from form, the plea is not bad for duplicity. "To support this objection it must be made to appear, not only that several facts are alleged, which might be traversed by the plaintiff, and a material issue joined thereon; but each of the facts must be such as would alone be sufficient to abate the writ." *Hooper* v. *Jellison & Trs.* 22 Pick. Mass. 250. This same principle applies when

the separate defenses depend upon separate and distinct groups of facts, only some of which are common to both groups. Our consideration of the respondent's plea upon the merits therefore cannot by implication be considered as tacit approval of a duplicitous dilatory plea.

There was no error in the action of the presiding justice in sustaining the demurrer, and overruling the plea. Neither was there error in ordering the defendant to plead over and proceed to trial. There is no merit in the respondent's exceptions.

*Exceptions overruled.*
*Judgment for the State.*