DANIEL EGAN v. NELLIE GORDON and Others.[1]

July 16, 1896.

· Nos. 9916—(152).

## Action for Rent—Guaranty—Fraud—Pleading.

In an action to recover on a guaranty of the payment of rent, the first defense in the answer, stating that defendant was induced by the representations and artifices alleged to sign the guaranty on the lease, supposing he was merely witnessing the lease, *held* sufficient.

## Same—Evidence—Interest of Guarantor.

*Held*, it was competent, or at most error without prejudice, to permit the alleged guarantor to prove that he had no interest in the lease or in the business carried on upon the leased premises.

## Same—House of Ill Fame—Reputation.

The second defense in the answer was that the plaintiff leased the premises to the lessee with the knowledge and under the agreement and understanding that they were to be used as a house of ill fame, and were so used with the plaintiff's consent. *Held*, evidence of the reputation of the place among the neighbors was competent, on such an issue, to prove that it was a house of ill fame.

## Same—Reputation before Lease.

The lessee occupied the premises, and apparently carried on the same business upon them, both before and after the execution of the lease. *Held*, evidence of the reputation of the place as a house of ill fame before the lease was executed, but while she occupied it, was competent.

## Same—Acts Showing Character of House.

*Held*, also, that evidence of acts done on the premises tending to show that the place was in fact such a house, was competent to prove the character of the house, though plaintiff was absent when the acts were done.

## Same—Reputation after Lease.

Under the circumstances, evidence of the reputation of the house after the execution of the lease was competent.

## Verdict Sustained.

*Held*, the verdict is sustained by the evidence.

Appeal by plaintiff from an order of the district court for Hennepin county, Jamison, J., denying a motion for a new trial, after a verdict in favor of defendants Gavin and Eggleston. Affirmed.

[1] Reported in 68 N. W. 103.

*George R. Robinson*, for appellant.

*Wm. H. Donahue*, for respondent Gavin.

CANTY, J. This is an action for the recovery of rent, brought by the lessor against the defendant Gordon as lessee and against the other defendants as guarantors of the payment of the rent. Defendants had a verdict, and from an order denying a new trial plaintiff appeals.

1. The lease is dated August 1, 1894. Defendant Gavin, in his answer, alleges as a first defense that at the time the lease was made he signed it as a witness at the request of the husband of the lessee; that afterwards, about August 30 of the same year,

"Plaintiff herein presented said lease to defendant herein in a folded form, and at said time informed defendant that he had not signed his name in the proper place, and at said time designated to defendant herein the place where he should sign his name as a witness to said lease, which defendant then and there did, without reading said lease"; that plaintiff conspired with said husband of the lessee "in the making of said false and fraudulent representations for the purpose of inducing defendant herein to sign his name to the guaranty written on the back of said lease; * * * that defendant herein did rely on and believe in said false pretenses and representations, and, so relying and believing, did sign his name as aforesaid, and not otherwise, and that at no time did defendant herein have any knowledge of the contents of said lease when he signed his name on the back thereof, but at all times believed and supposed, and by the alleged representations of plaintiff and said N. C. Gordon was led to believe, that he only signed his name as a witness."

On the trial, defendant Gavin offered evidence in support of this defense, and plaintiff objected on the ground that the answer does not state any false or fraudulent representation, concealment, or deceit on the part of plaintiff. The objection was overruled, and this is assigned as error. We are of the opinion that the allegations of the answer are sufficient in this respect.

2. It was competent, or at most error without prejudice, to permit Gavin to prove that he had no interest in the lease or business carried on upon the leased premises, as this tended to show that in fact his relation was what it appeared to be, merely that of guarantor for the accommodation of the lessee.

3. The second defense set up in the answer is that plaintiff leased the premises to the lessee with the knowledge and under the agreement

and understanding that she was to use them as a house of ill fame, and that during all the time she occupied them she did so use them. We are of the opinion that evidence of the reputation of the house among the neighbors is competent, in such a case as this, to prove that it is a house of ill fame.

4. The court permitted evidence to be given of the reputation of the leased premises as a house of ill fame for some time immediately prior to the date of the lease, and this is assigned as error. We are of the opinion that the evidence was competent. It appeared that this same lessee had occupied the premises during all of the time, and that she and the other occupants had apparently used the premises for the same purpose prior to the making of the lease in question, as afterwards.

5. Evidence of specific acts done on the premises, tending to show that the place was a house of ill fame, was also competent, though plaintiff was not present at the time, and no knowledge of the particular acts was brought home to him. It was necessary for defendant to prove (1) that the place was a house of ill fame, and (2) that plaintiff had knowledge of that fact when he made a new lease continuing the tenancy. But in proving the latter fact it was not necessary to show that plaintiff had knowledge of every such act given in evidence to prove the former fact.

6. The court did not err in refusing to charge the jury "that evidence of such use of the property subsequent to the execution of the lease is no evidence against the plaintiff." As before stated, there was evidence tending to prove that the same parties occupied and used the premises in the same general way both before and after the execution of the written lease. Then evidence that it was a house of ill fame after the execution of the lease tended to throw light on what it was at and before that time.

7. We are also of the opinion that the evidence sustains the verdict. This disposes of the case, and the order appealed from is affirmed.