STATE v. JOSEPH STOFFELS.[1]

May 8, 1903.

Nos. 13,271—(7).

## Intoxicating Liquor.

Chapter 252, Laws 1901, prohibiting and punishing the keeping of blind pigs, or places for the unlawful sale of intoxicating liquors, is not unconstitutional as special and class legislation, nor as authorizing unreasonable searches and seizures.

[1] Reported in 94 N. W. 675.

Statute—Search Warrant.

>The warrant of arrest and the search warrant authorized to be issued by the statute may be in the same instrument.

Same—Evidence.

>The intoxicating liquors and appliances usually used in the sale thereof, which were found on his premises and seized by virtue of the search warrant, were competent evidence on the trial of the defendant on the charge of keeping a blind pig.

Remarks of Counsel.

>It was prejudicial error for the prosecuting attorney to comment on the fact that the defendant failed to testify in his own behalf.

Appeal by defendant from a judgment of the municipal court of St. Paul, Finehout, J. Reversed, and new trial granted.

*Reese & Zollman,* for appellant.

*T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for the State.

START, C. J.

The defendant was convicted in the municipal court of the city of St. Paul of the crime of keeping a blind pig, or place for the sale of intoxicating liquors, in a prohibition district of the city, contrary to the provisions of Laws 1901, c. 252. He appealed from the judgment.

The complaint upon which the warrant was based was duly sworn to by the complaining witness, and charged, in substance, that the defendant kept and maintained a blind pig in certain rooms within the prohibition district of the city of St. Paul, particularly describing their location, in which intoxicating liquors were kept for sale in violation of law, and in which they were so sold, and prayed that a warrant issue for the arrest of the defendant, and also a search warrant for the search of the premises and the seizure of any intoxicating liquors, bar fixtures, and other implements used in the sale of such liquors, found therein. Thereupon a warrant for the arrest of the defendant, and a warrant for a search of the premises, were issued by the court, combined in one instrument. The warrant was executed by the arrest of the defendant, and by a search of the premises and a seizure of cer-

tain intoxicating liquors, bar fixtures, and other like implements found therein.

On the trial the property seized was received in evidence, over the objection and exception of the defendant. The important points urged by the defendant are that the act under which he was convicted is unconstitutional; that it was error to receive in evidence against him the intoxicating liquors found on his premises; and that he was prejudiced by the remarks of the prosecuting attorney to the jury.

Section 1 of the law provides that:

"Every person who shall directly or indirectly keep or maintain, by himself or by associating or combining with others, or who shall in any manner aid, assist or abet in keeping or maintaining any blind pig or other room or rooms, place or places in which intoxicating liquors are received or kept for unlawful use, barter or sale as a beverage, or for unlawful distribution or division among the members of any club or association by any means whatever, within the limits of any township, village, city or county which has voted against granting license to sell intoxicating liquors, or where by municipal charter or ordinance, or by state law the sale of intoxicating liquor is forbidden, and every person who shall receive, barter, sell, assist or abet another in receiving, bartering or selling any intoxicating liquors so received or kept, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished as hereinafter set forth."

Section 2 thereof declares all rooms or places of the character designated in section 1 to be common nuisances, and provides for a warrant of arrest of the keeper thereof upon the complaint of any person to a proper magistrate, who is also required to issue a search warrant, particularly describing the premises, and directing the officer to whom it is directed and delivered to search the premises and seize all intoxicating liquors and bar fixtures and other implements, describing them, apparently used in retailing liquors, in violation of law, there found, and make an inventory of the property seized, and deliver a copy of it to the defendant or person in charge thereof.

Section 3 provides that the property seized by virtue of the search warrant shall remain in the custody of the officers of the law until the case is decided by the court, and, if the defendant

is found guilty, the liquors shall be destroyed, and the rest of the property sold by the sheriff to the highest bidder for costs, after giving notice of the time and place of such sale. The proceeds of the sale are to be turned over to the county.

Section 4 makes it unlawful for common carriers knowingly to ship, receive, or transport intoxicating liquors within the state under false or fictitious names.

Section 5 provides for the punishment of violations of the statute.

1. The defendant insists that the statute is unconstitutional, because it is not general and uniform in its operation throughout the state, but is special and class legislation. True it is that the statute places the prohibition districts of the state in a class by themselves, but the classification includes all localities and districts wherein the issuance of licenses for the sale of intoxicating liquors is or may be prohibited by law, and the statute applies equally to all persons and places within such districts. If, therefore, the classification is a proper one, the statute is not open to the objection that it is special and class legislation. It is not an open question in this state that the legislature may constitutionally provide for the establishment of prohibition districts by local option or by direct legislation, although the license of the sale of intoxicating liquors is the general rule of the state, and prohibition in certain districts the exception. In re Wilson, 32 Minn. 145, 19 N. W. 723; State v. Johnson, 86 Minn. 121, 90 N. W. 161. It follows, from this right to establish prohibition districts, that the legislature may, in the exercise of the police power, enact all reasonable and necessary laws to make prohibition effectual within such districts, and limit their operation thereto. It is a matter of common knowledge that blind pigs, or places for the secret and unlawful sale of intoxicating liquors, are relatively more numerous and far more pernicious in prohibition districts than they are in licensed districts, wherein the temptation to maintain blind pigs is much less, and wherein all licensed dealers have a direct pecuniary interest in suppressing the unlicensed traffic.

2. Again, the same reasons which justify the creation of pro-

hibition districts naturally suggest the necessity and propriety of placing prohibition districts in a class by themselves as to the traffic in intoxicating liquors therein. Such traffic is an outlaw, and drastic measures to hunt it out are justifiable, which might not be practicable or just if applied to licensed districts wherein the traffic is lawful if the law as to licenses therefor is complied with. We hold that the classification is a proper one, and the statute is not special or class legislation.

3. The further claim is made that the statute is unconstitutional because it provides for unreasonable searches and seizures, which are forbidden by our constitution. Article 1, § 10. The statute may fairly be, and is, construed as authorizing the issuing of a search warrant as an incident to a warrant of arrest only upon probable cause, supported by the oath or affirmation of the complainant, describing the place to be searched and the things to be seized. The question then is, has the legislature power to provide for the search and seizure of intoxicating liquors kept for sale in violation of the laws of the state?

The police power of the state concededly extends to the search, seizure, and destruction of property which is either the subject of crime or the means of perpetrating it. Now, when intoxicating liquors are kept for sale in a prohibition district, they are, with all implements to facilitate their sale, the subject of crime or the means for committing it. No one questions the validity of laws providing for the issuing of warrants for the search, seizure, and destruction of implements of gaming, lottery tickets, and obscene books, and other similar articles and means of crime. But it has been questioned by some courts whether intoxicating liquors are property of such character as to be subject to the application of this rule. They do not per se fall within the rule, but on principle, and the great weight of judicial authority, it must be held that when they are kept for sale in violation of the laws of the state, and are intended to be used as the subject or means of crime, it is a question solely for the lawmaking power to determine whether they ought to be subjected to the rule we have stated. Therefore statutes authorizing the issuance of search

warrants to search for intoxicating liquors illegally kept for sale, and directing their seizure when found, and their forfeiture or destructon, are constitutional. Cooley, Const. Lim. 306; Black, Intox. Liq. §§ 52, 351.

We hold that the statute in question is not unconstitutional on the ground that it authorizes unreasonable searches and seizures. Whether the provisions of section 4 relating to common carriers are constitutional we do not consider, for the question is not relevant to the question of the correctness of the personal judgment against the defendant from which he appealed. Nor are the other provisions of the statute in any manner dependent on section 4.

4. The defendant also urges that the warrant in this case is void because the complaint upon which it was issued is insufficient, and the warrant for the arrest of the defendant and the warrant for the search of the premises are in one instrument. The complaint is clearly sufficient. There are practical reasons why both warrants should be issued and served at the same time, and to secure this result the statute, by necessary implication, authorizes, if it does not require, that both should be in the same instrument. The warrant is valid.

5. It was not error, as the defendant insists, for the trial court to receive in evidence the intoxicating liquors and related property found on his premises and taken by virtue of the search warrant. The finding of intoxicating liquors on the premises, with the implements and appliances usually connected with the sale of intoxicating liquors, was competent evidence tending to show that the place was kept for the secret and unlawful sale of such liquors G. S. 1894, § 2000. The fact that the property was taken under a search warrant does not render it inadmissible in evidence. The case of Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, relied upon by the defendant, is not here in point. The holding in that case was that the compulsory production of a man's private papers to establish a criminal charge against him, or to forfeit his property, was in effect an unreasonable search and seizure and compelling him to be a witness against himself. There is a clear distinction between a man's private papers which are neither

the subject of crime nor the means of perpetrating it, and stolen property, implements of gaming, and other property kept and used for an unlawful purpose, which may be given in evidence against the defendant although possession of the same was obtained by a search warrant. This distinction is pointed out in the case relied upon.

6. The assistant county attorney, in addressing the jury in behalf of the state, made the following remarks:

"The defendant is here in court, and has offered no evidence. If he is not guilty, why does he not go upon the stand and explain?"

Defendant's attorney called the court's attention to the remark of counsel, and asked that the county attorney be requested to refrain from making such allusion. Such requests were not made by the court, and defendant's counsel excepted to the remarks of the counsel and the action of the court. The county attorney then stated to the jury:

"I do not care for the exception, and he can have all the exception he wants, and I will tell you again, gentlemen of the jury, that if this man was not guilty he would have testified in his own behalf."

The defendant's attorney also excepted to this remark of the county attorney. This is assigned as error.

The action of the prosecuting attorney was a palpable violation of the statute (G. S. 1894, § 5658), and a deliberate disregard of the rights of the defendant, for which there can be neither justification nor palliation. It is, however, claimed by the state that the defendant was guilty anyhow, as conclusively shown by the evidence, hence the error was harmless, within the rule announced in State v. Ahern, 54 Minn. 195, 55 N. W. 959. The evidence in this case made the question of the guilt of defendant one of fact for the jury, and the error complained of was most prejudicial, for which a new trial must be granted.

Judgment reversed, and new trial granted.