STATE v. FRED HOYLE.[1]

June 8, 1906.

Nos. 14,780—(33).

**Keeping Gambling House—Evidence.**

That a certain place is maintained as a gambling house, may be shown by the general reputation of the place, by the reputation of the inmates, and frequenters, as professional gamblers, and by articles and devices found therein which are commonly known as gambling paraphernalia. It is no defense in such a case that the officers of the law, who seized the apparatus and made the arrests, gained admittance to the premises without authority of law.

Appeal by defendant from an order of the municipal court of Min-neapolis, Waite, J., denying a motion for a new trial, after a trial and conviction of the offense set forth in the opinion. Affirmed.

*F. D. Larrabee*, for appellant.

*Frank Healy* and *A. C. Finney*, for the State.

LEWIS, J.

Appellant was charged with unlawfully keeping a gambling house at No. 28 South Sixth street, Minneapolis, contrary to the ordinances of that city, and was found guilty and sentenced to imprisonment for sixty days in the workhouse by the municipal court.

The evidence was sufficient to sustain the judgment. It disclosed that, prior to his arrest, appellant had been proprietor of the premises for about three months; that in the evening of January 27, 1906, certain police officers of the city of Minneapolis visited the place, demanded entrance by knocking several times; they heard the rattling of furniture and a "general hustling" inside, but no one opened the door whereupon they forced entrance to the room which they found occupied by five men. The furniture in view consisted of an overturned table, a quantity of chips and coppers scattered about the floor, a table with extension legs, a cloth for a roulette table, some chairs, and two packs of playing cards. On making further search and in rolling back the

[1] Reported in 107 N. W. 1130.

carpet they found a cubby-hole containing a stock of three thousand chips, a dealing box, a faro layout, and a roulette wheel. All of these articles were seized by the officers, and offered in evidence at the trial, and the men arrested. It was shown at the trial that all of these various articles were gambling devices; and it was also shown that the place bore the reputation of being a gambling house and that one of the men found there was known as a professional gambler. No evidence was offered at the trial on the part of the defense, and no explanation made to account for the presence of gambling devices and the men there at the time, and the rooms were not appellant's living apartments.

1. Evidence as to the general reputation of the place as a gambling house, was proper. Appellant is charged with wilfully and unlawfully keeping a gambling house. Evidence as to the contents of the room and the purpose for which such paraphernalia were generally used, was competent to establish the nature of the business carried on there, and, taken in connection with the other testimony tending to show that the room was not used for any other purpose and the effort made to conceal the articles, furnishes convincing proof that the place was of the character charged. In this respect there can be no particular difference between the nature of evidence required to prove the character of such places than in respect to houses of ill fame. As to the latter see State v. Smith, 29 Minn. 193, 12 N. W. 524; State v. Bresland, 59 Minn. 281, 61 N. W. 450; Egan v. Gordon, 65 Minn. 505, 68 N. W. 103.

2. It was proper to prove that one of the inmates of the room was a professional gambler. This was admissible in connection with the evidence as to the character of the room and the nature of its contents, going to establish whether or not it was a gambling house. The character of disorderly houses may be established, not only by general reputation but also by the reputation of those frequenting them. State v. Hendricks, 15 Mont. 194, 39 Pac. 93, 48 Am. St. 666; State v. Mosby, 53 Mo. App. 571.

3. In cases of this kind gambling apparatus found in a room is not rendered inadmissible as evidence from the mere fact that the officers forced their entrance into the room. If the evidence was sufficient to convict appellant of the offense charged, he cannot shield himself by the fact that the officers may have laid themselves liable in forcing an

entrance into his room without authority, upon which question we express no opinion.   State v. Flynn, 36 N. H. 64; State v. Boyer, 79 Iowa, 330, 44 N. W. 558.

Order affirmed.