## STATE v. OLE P. ROGNE.[1]

July 14, 1911.

Nos. 17,175—(9).

**Malicious mischief — evidence.**

In a prosecution for malicious mischief, the verdict of guilty is *held* supported by the evidence.

**Unreasonable searches and seizures.**

The sheriff and county attorney, without the knowledge or consent of the accused, entered upon his premises and took and carried away certain articles of property, which were used as evidence against accused on the

[1] Reported in 132 N. W. 5.

[Note]   Right of officer, in executing criminal process, to take possession of evidentiary articles, see note in 18 L.R.A.(N.S.) 253.

trial. In this the accused's constitutional rights against unreasonable searches and seizures were not violated. State v. Stoffels, 89 Minn. 205, followed and applied.

Defendant was indicted for the crime of malicious mischief by the grand jury. The case was tried in the district court for Polk county and resulted in a verdict of guilty. From an order, Watts, J., denying defendant's motion for a new trial, he appealed. Affirmed.

*Ole J. Vaule, William P. Murphy,* and *Charles Loring,* for appellant.

*Eric O. Hagen,* County Attorney, and *George T. Simpson,* Attorney General, for the state.

BROWN, J.

Defendant was indicted and convicted on the charge of malicious mischief, and appealed from an order denying a new trial.

The assignments of error present two questions, namely: (1) Whether the evidence supports the verdict of guilty; and (2) whether defendant's constitutional rights against unreasonable searches and seizures (section 10, art. 1, Const.) and being compelled to give evidence against himself (article 1, § 7, Const.) were violated on the trial below.

1. The offense charged was that of maliciously placing a large number of pieces of scrap iron in different sheaves of grain standing in shocks upon a quarter section of land near the residence of defendant, for the purpose of causing damage to and injuring the threshing machine engaged to thresh the grain, and to gratify an ill will held towards the owner of the machine. The evidence conclusively established the corpus delicti or body of the offense, namely, the maliciously placing of the scrap iron in the sheaves of grain by some one; but the evidence connecting defendant with the offense was wholly and entirely circumstantial. Numerous pieces of iron were found concealed in the grain shocks, and some of them passed unobserved through the machinery, damaging it to a considerable extent. To connect defendant with the offense, the state produced evidence of many facts and circumstances tending to show his guilt,

and, though he denied explicitly that he was in any way concerned in the wrongful acts, we are satisfied, since the trial court has approved the verdict, that it is not a case in which we would be justified in interfering. The court and jury had the witnesses before them, and were in a position to observe them and apply the facts and circumstances disclosed, and to determine with a degree of accuracy the merits of the case. We are not in that position, and rely therefore upon the unquestioned fairness and impartiality of the learned trial court. We therefore hold that, within the rule guiding this court in such cases, the evidence sustains the verdict of guilty. A discussion of the evidence would serve no useful purpose.

2. In searching for evidence to convict the guilty party, suspicion was directed to defendant, who, the state claimed on the trial, held some grievance against the owner of the threshing machine, and the sheriff and county attorney proceeded to his premises and took and carried away a large number of pieces of scrap iron found in the open field in a pile near some of the buildings thereon, some of which were similar to those found in the field of grain. These articles, in connection with proper testimony of identification, were introduced in evidence on the trial over defendant's objection. It is contended that in this the court violated defendant's constitutional rights, and that a new trial should therefore be granted. The objection is not sound.

While the appearance of the sheriff and county attorney upon defendant's premises, and their act in 'carrying away the articles of scrap iron, was without the knowledge or consent of defendant, it is clear that defendant's constitutional rights were in no proper view invaded by the use of the evidence secured by them. The question is covered by the case of State v. Stoffels, 89 Minn. 205, 94 N. W. 675, where the contentions of defendant are fully answered. The fact that the seizure in that case, of evidences of guilt, was under and by virtue of a search warrant, does not change the legal aspect of the question. Defendant was in no proper sense compelled to give evidence against himself. The evidence was

found upon his premises, and he was neither requested nor required to produce it.

Order affirmed.