## STATE v. H. C. HESSE.[1]

### December 22, 1922.

### No. 23,181.

**Intoxicating liquor—description in search warrant.**

1. The description of the premises as contained in the search warrant referred to in the opinion, *held* sufficiently definite, and that certain intoxicating liquor found therein, and taken by the officer in the execution of the warrant, was admissible in evidence against the accused.

**Judicial notice of municipal corporations.**

2. The court takes judicial notice of the organized municipalities of the state and of the section, town and range in which they are located.

**Judicial notice of names of trunk highways.**

3. The court will also take notice of the fact, a matter of common knowledge, that trunk highways of the state are generally known in particular localities by the name of some principal village or city to and from which they lead.

**Application of rule by officer with search warrant.**

4. Such facts may be taken into consideration by an officer with a search warrant commanding him to search certain premises described, in part as a "small white house just east of the Mapleton road south of Mankato," situated upon a designated section of land.

**Case followed in spite of opposite rule in Federal courts.**

5. Until overruled or expressly departed from, the rule of evidence stated in State v. Stoffels, 89 Minn. 205, should be followed and applied, notwithstanding a contrary rule in force in the Federal courts upon the same subject.

Defendant was indicted by the grand jury of Blue Earth county, charged with the offense of having in his possession intoxicating liquor for sale, tried in the district court for that county before Comstock, J., and a jury which found him guilty as charged in the

[1]Reported in 191 N. W. 267.

indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Regan & Grogan,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Phillips,* County Attorney, for respondent.

BROWN, C. J.

Defendant was indicted and on trial convicted in the district court of Blue Earth county of having in his possession a quantity of intoxicating liquor for sale, in violation of the provisions of chapter 391, p. 589, Laws 1921. He appealed from an order denying a new trial.

It appears that defendant had been suspected of violating the statute by manufacturing and selling intoxicating liquors at his home near the city of Mankato, this state, and on the twelfth of May, 1922, a search warrant was sworn out and issued by the municipal court of that city, thereby commanding the officer to whom it was delivered for service, forthwith to enter the premises described therein, and there make search for intoxicating liquor, or apparatus designed for the manufacture of the same, and report the result of the search to the court issuing the warrant. The officer selected to serve the writ proceeded to the premises he understood to be described therein, and found defendant in the occupancy and possession thereof, and also found a quantity of intoxicating liquor which he seized and delivered to the court on the return of the warrant. Defendant was subsequently indicted for a violation of the statute, and on the trial thereof the liquor so seized was offered and received as evidence against him, over his objection that because of defects in the search warrant it furnished no protection or justification to the officer for the invasion of his premises, that the seizure was therefore illegal, and the liquor inadmissible against him. Whether there was error in that ruling of the trial court presents the only question urged in support of the appeal. We answer it in the negative.

The precise contention of defendant is that by reason of the alleged defective and insufficient description of the premises to be

searched, as given and expressed in the warrant, the warrant was a nullity, vesting in the officer no authority to enter the premises of defendant; that his act in doing so was a violation of defendant's rights, and in legal effect wrongfully compelling him to furnish evidence against himself, in violation of both the state and Federal Constitutions. The case of Weeks v. U. S. 232 U. S. 383, 34 Sup. Ct. 341, 58 L. ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, is relied upon in support of the point.

If it be conceded that the warrant was fatally defective in the respect stated, still the ruling of the learned trial court was in accord with the decisions of this court in State v. Stoffels, 89 Minn. 205, 94 N. W. 675; State v. Hoyle, 98 Minn. 254, 107 N. W. 1130, and State v. Rogne, 115 Minn. 204, 132 N. W. 5, where documentary evidence found on the premises of the accused and seized by officers without any search warrant at all was held admissible against the objection here urged. But the warrant in this prosecution is not fatally defective in the description of the premises to be searched. The description given, though in one respect incorrect, comes within the rule applied in McSherry v. Heimer, 132 Minn. 260, 156 N. W. 130, for it "furnishes data from which the officer was enabled definitely to locate the place." 24 R. C. L. 712. The warrant here involved described the premises in the following language:

"The southwest quarter of section No. twenty (20), township one hundred eight, range twenty-seven (27), Blue Earth County, Minnesota, and particularly the house and out buildings located off from the main Mapleton road south of the city of Mankato on said land."

The house referred to is also described in another part of the warrant, as well as in the complaint on which it was issued, and in connection with the description of the land, as a "small white house about a block east of the Mapleton road south of the city of Mankato."

The officer found the "small white house" at the point stated in the writ, and also found defendant the occupant thereof, and there-

in was the liquor in question. The description of the premises is technically defective in this, that the land is not situated in range 27 as stated in the warrant. But that, in view of the other facts given, is not fatal. The court takes judicial notice of the existence and location of the various organized municipalities of the state. In this instance it will take notice of the fact that the city of Mankato is situated in township 108, range 26, and that range 27 lies to the west thereof, and not south. It is also a matter of common knowledge that trunk highways of the state are generally known in particular localities by the name of some principal village or city to and from which they lead. In that light it may be said as a matter of law that the "Mapleton road, south of * * * Mankato" was well known at Mankato and in that vicinity as in range 26, and the "small white house" just east of that road on the land described readily located and found. There was clerical error in the designation of the range in which the land was located. The officer had the right to take these matters into consideration in locating the premises, and the warrant was not therefore void. The authorities generally, at least those of more recent times, sustain the description as valid and sufficient. Hornig v. Bailey, 50 Conn. 40; Wright v. Dressel, 140 Mass. 147, 3 N. E. 6; State v. Comolli, 101 Me. 47, 63 Atl. 326. The designation of range 27 in the attempted legal description of the premises may be rejected as an obvious mistake and inadvertence, since what remains furnished ample information concerning the precise location of the premises. Downing v. Porter, 74 Mass. 539.

The rule invoked by defendant to therefore inapplicable, for here we have a valid search warrant. Whether in prosecutions of the kind in this state the rule of the Federal courts upon the admissibility of such evidence should be followed and our own decisions overruled or disregarded need not be considered. Until either overruled or expressly departed from in the interest of uniformity in the rules of substantive evidence in such prosecutions in the courts of the state and Federal courts sitting therein, they should be followed and applied.

Order affirmed.