## CITY OF MANKATO v. GEORGE GRABOWENSKI.[1]

January 12, 1923.

No. 23,213.

**Liquor unlawfully taken from defendant admissible in prosecution against him.**

The fact that liquor offered in evidence on a criminal trial was unlawfully taken from the possession of defendant does not prevent its use in evidence against him.

[1]Reported in 191 N. W. 603.

Defendant was charged with the crime of unlawfully keeping and having in his possession for sale intoxicating liquor, tried in the municipal court for Mankato before Goff, J., found guilty and sentenced to pay a fine of $50. Defendant's motion for a new trial was denied. From the order and judgment of the court, defendant appealed. Affirmed.

*C. O. Dailey,* for appellant.

*C. E. Gilmore,* City Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the offense of keeping and having in his possession, for sale, one pint of intoxicating liquor, contrary to Ordinance No. 92 of the city of Mankato. Defendant appeals. The ordinance forbids, among other things, the keeping, or having in possession for sale, intoxicating liquor of any kind.

Defendant was conducting a soft drink parlor in Mankato under a license issued by the city under Ordinance Number 91. This ordinance provides that each licensee of a soft drink parlor "shall allow free access to his * * * place of business named in the said license at any time by any police officer * * * of said city of Mankato, for the purpose of inspection of the said premises and the contents of the same; to ascertain whether or not the provisions of this ordinance are being complied with in the carrying on the said business." On June 13, 1922, a police officer of the city entered defendant's place of business for the purpose of inspection, and discovered about a pint of intoxicating liquor which the court found was kept for sale by defendant. Defendant was arrested. On the trial, before any evidence was offered, defendant moved the court to order the city officers to return the liquor seized, on the ground that it was obtained by unreasonable search and seizure. The motion was denied. The trial proceeded and the liquor was offered in evidence by the city attorney, and was received in evidence by the court, over defendant's objection.

Defendant contends on this appeal that Ordinance Number 91, giving to police officers a right of inspection of soft drink parlors without a warrant, violates article 1, section 10, of the Constitution,

which secures the people of the state against unreasonable search and seizure, and that liquor unlawfully seized cannot properly be received in evidence.

We find it unnecessary to determine whether Ordinance Number 91 is valid, or whether the liquor was lawfully seized, for the law was settled in this state, by the decisions in State v. Stoffels, 89 Minn. 205, 94 N. W. 675; State v. Hoyle, 98 Minn. 254, 107 N. W. 1130; and State v. Rogne, 115 Minn. 204, 132 N. W. 5, that liquor or other property, though forcibly seized, and even though unlawfully seized, may be received in evidence. These cases were recently followed, after further consideration of the questions in view of adverse Federal decisions. State v. Hesse, supra, page 89.

The fact that the liquor was seized by virtue of the power given by one ordinance and used in evidence in a prosecution under another, is not important.

Order affirmed.