## STATE v. FRANK PLUTH.[1]

November 16, 1923.

No. 23,555.

**Search of person under arrest.**

1. A person lawfully arrested may, as an incident thereto, be searched and incriminating articles found in his possession may be seized.

**When officer may arrest without warrant.**

2. Where the offense is not a felony, an officer cannot arrest without a warrant, unless the offense was committed or attempted in his presence.

**When illegal act is not committed in officer's presence.**

3. Where the officer does not know of the act constituting the offense, it is not committed in his presence.

**When officer may make search without warrant.**

4. If an officer without authority to make an arrest may make a search without a warrant under any circumstances, it is only where he has knowledge of facts which would justify the issuance of a warrant and has cause to believe that the articles sought will be beyond reach if he delays acting long enough to procure it.

[1]Reported in 195 N. W. 789.

**Authority to seize liquor en route not authority for search.**

5. The statute authorizing officers to seize liquor whenever they find it being transported, does not give authority to search but only authority to seize what they may discover without an unlawful search.

**Unlawful search not justified by illegal act not a felony.**

6. An unlawful search cannot be justified by the fact that it discloses the commission of a crime which is not a felony.

**Federal Constitution inapplicable to state courts.**

7. The Fourth and Fifth Amendments to the Federal Constitution do not apply to the states nor to proceedings in the state courts.

**Construction of Federal Amendments not binding in construction of state laws.**

8. The construction given these amendments by the Federal Supreme Court is not binding on state courts in construing similar provisions in state constitutions.

**Construction of accused's exemption from giving testimony.**

9. This court, in common with the majority of state courts, has held that the use as evidence of incriminating articles wrongfully taken from the possession of the accused, does not compel him to be a witness against himself within the inhibition of the state Constitution. Such holding is not in harmony with the holding of the Federal Supreme Court under the similar provision of the Federal Constitution.

**No right of property in liquor held for transportation.**

10. It is a crime to transport intoxicating liquor or to have it in possession for transportation and no property right exists in such liquor.

**Liquor seized is forfeited to the state.**

11. The defendant had no legal right to the liquor seized or to the possession of it, and was not entitled to have it returned to him. The state having obtained possession of it had the right to retain it as property forfeited to the state, and to use it as evidence.

Defendant was indicted by the grand jury of St. Louis county, charged with the crime of violation of the liquor laws, tried in the district court for that county before Dancer, J., who when the state rested denied defendant's motion to strike from the record all the

testimony which was obtained by search, and his motion to dismiss the action, and a jury which found him guilty as charged in the indictment. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*McHugh & ODonnell*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, *Mason M. Forbes*, County Attorney, and *Harry E. Boyle*, Assistant County Attorney, for respondent.

TAYLOR, C.

Defendant was indicted and convicted in the county of St. Louis of the crime of transporting intoxicating liquor and appeals from the judgment.

When arraigned defendant made a motion to quash the indictment on the ground that it had been secured on evidence obtained in violation of the Fourth and Fifth Amendments to the Constitution of the United States, and of sections 7 and 10 of article 1 of the Constitution of the state of Minnesota. In support of the motion, he presented three affidavits to the effect that, while he was proceeding along a public highway in St. Louis county in an automobile inclosed with curtains, his automobile had been wrongfully and unlawfully searched by two officers (deputy sheriffs) without a warrant who found therein and seized 6 one-gallon jugs and 2 water bottles filled with liquid, and that these articles and the evidence obtained in the seizure of them were used in securing the indictment. He asked the court to order that the articles so seized be returned to him, "or to suppress such articles as evidence and to suppress any evidence obtained through the seizure of said articles." The prosecution admitted that the search was made without a search warrant and without a warrant for the arrest of any person in the automobile and without the consent of defendant. The motion was denied and defendant took an exception. At the trial the jugs and water bottles were received in evidence over defendant's objection, and testimony that they contained "moonshine" whiskey was also received over his objection. At the close of the state's

evidence defendant made a motion to strike all the evidence whether by way of exhibit or by testimony obtained by reason of the search on the ground that the search was made in violation of his constitutional rights. The motion was denied. He then moved for a dismissal on the ground that the state had failed to establish facts sufficient to constitute a public offense. This was also denied.

Defendant contends that the search of his automobile and the seizure of the liquor found therein was a violation of the rights secured to him by the Constitution, and that the evidence so obtained was not admissible against him either before the grand jury or at the trial.

The court expressly withdrew from the jury all questions raised concerning the right to search the automobile, and told them that the court had determined those questions. The rulings necessarily determined as a matter of law either that the search was lawful, or that the evidence, although obtained by an unlawful search, was admissible to prove the guilt of defendant.

The first question presented is whether the search was lawful. Defendant driving toward Duluth with two companions and the officers driving out from Duluth met on the highway. The road was covered with snow and ice in which there were deep ruts. Defendant, seeing the other car approaching, turned to the side of the road and stopped to permit it to pass. One of the officers recognized defendant and they also stopped. The officers testified to the effect that defendant, in answer to a question, admitted that he was carrying "booze" in his car before they looked into it or made any attempt to search it. Defendant and his two companions denied any such admission was made, and testified that one of the officers rushed up to the car saying he was going to search it and opened the curtains before defendant could object. If, as claimed by the officers, defendant admitted, before any search was made, that he was carrying intoxicating liquor, they doubtless had authority under section 2, chapter 335, p. 507, Laws of 1921, to seize both the liquor and the automobile. But in view of the court's ruling, we must for present purposes take as true defendant's claim that no such admission was made. And, so far as the record discloses, this al-

leged admission was the only reason the officers had to suspect or believe that defendant was transporting liquor. Consequently the present question is whether the officers, in searching the automobile without a warrant and without any knowledge or information that liquor was being transported in it, violated the rights secured to defendant by the Constitution.

It is well settled that the Fourth and Fifth Amendments to the Constitution of the United States apply only to the United States and to officers and agents of the United States, and that they do not apply to the states nor to proceedings under the laws of the states. See cases cited in annotation to Johnson v. State, 19 A. L. R. 641. Defendant recognizes that he is not within the protection of these provisions of the Federal Constitution, and bases his present contention on substantially identical provisions in our own Constitution. Section 7 of article 1 of our Constitution provides:

"No person for the same offense shall be put twice in jeopardy of punishment, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

Section 10 of the same article reads:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized."

The reasons which prompted the founders of our government to embody these provisions in the fundamental law, and the evils which they were intended to prevent, have been set forth in many decisions, notably in Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. ed. 746, and in the dissenting opinion of Judge Wiest in People v. Case, 220 Mich. 379, 190 N. W. 289. We shall not advert to them further than to say that searches under general warrants under which the officers and agents of the English government assumed the power to search any person and any place they pleased for the purpose of discovering violations of the laws, and also for the pur-

pose of enforcing and collecting the obnoxious imposts and taxes which the English government had laid on the Colonies, was one of the inciting causes which led to the Revolution; and that the purpose of these provisions was to effectually prohibit such practices.

The Supreme Court of the United States has decided repeatedly that the Fourth Amendment to the Federal Constitution forbids the officers or agents of the United States from searching the premises, papers or effects of an accused person without a warrant; and that this amendment taken in connection with the Fifth forbids the use, in the courts of the United States, against a person accused of crime, of evidence obtained by such officers or agents in an unlawful search of his premises, papers or property. Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. ed. 746; Weeks v. United States, 34 Sup. Ct. 341, 232 U. S. 383, 58 L. ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1916C, 1177; Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 Sup. Ct. 182, 64 L. ed. 319; Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. ed. 647; Amos v. United States, 255 U. S. 313, 41 Sup. Ct. 266, 65 L. ed. 654.

Provisions substantially the same as the quoted provisions of sections 7 and 10 of article 1 of our Constitution are found in the Constitutions of all the states. The state courts, generally, construe the provisions of section 10 as forbidding a search without a warrant except when made as an incident to a lawful arrest.

Only unreasonable searches and seizures are prohibited. A person lawfully arrested may, as an incident thereto, be searched, and articles found in his possession which are the subject of crime or the means of committing it, or which may be of use as evidence at the trial, or which may be used in committing violence or in effecting an escape, may be seized. 2 Am. & Eng. Enc. 860; 2 R. C. L. 467, 5 C. J. 434.

In the cases in which a person may be lawfully arrested without a warrant, he may also be lawfully searched without a warrant. The cases in which a person may be arrested without a warrant are defined and prescribed in section 9066, G. S. 1913, which reads:

"A peace officer may, without warrant, arrest a person:

1. For a public offense committed or attempted in his presence.

2. When the person arrested has committed a felony, although not in his presence.

3. When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

4. Upon a charge made upon reasonable cause of the commission of a felony by the person arrested."

The crime charged against defendant is punishable only by a fine and imprisonment in the county jail and therefore is not a felony under our statute. See section 8466, G. S. 1913. Consequently the officers could not lawfully arrest him therefor without a warrant, unless the offense was committed or attempted in their presence. It cannot be said that a criminal offense is committed in the presence of an officer, unless the acts constituting the offense become known to him at the time they are committed through his sense of sight or through other senses. Although a person may actually be committing a criminal offense, it is not committed in the presence of an officer within the meaning of the statute, if the officer does not know it. And, where the officer could not observe nor become cognizant of the act constituting the offense by the use of his senses, it could not be committed in his presence so as to authorize an arrest without a warrant. State v. Wills, 91 W. Va. 659, 114 S. E. 261, 24 A. L. R. 1398; Hughes v. State, 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639; and annotation to this case in 20 A. L. R. 652.

In the present case the officers saw defendant driving an automobile on the public highway and it in fact contained liquor, but they had no knowledge of that fact when they stopped to investigate. The record is utterly barren of evidence showing or tending to show that they believed, or had any cause to believe, that defendant was transporting liquor or committing any other offense at the time they accosted him. Excluding the admission asserted and denied, the only ground for making the arrest was the information disclosed by the search. The search was made before the arrest and at a time when the officers had no authority to make an arrest. Possibly an officer without authority to make an arrest may, under some circumstances, make a search without a warrant; but, if so, we think it clear that he can do so only where he has knowledge of facts

which would justify the issuance of a warrant if presented to a magistrate, and where he has reasonable cause to believe that the articles sought will be removed, concealed or destroyed if he should delay acting long enough to apply for a warrant.

Section 2, chapter 335, p. 507, Laws of 1921, provides:

"Whenever any sheriff, deputy sheriff, constable, marshal, policeman or other peace officer shall discover any person in the act of transporting liquor within this state, in violation of the Constitution or law of this State or of the United States, such officer shall seize any wagon, buggy, automobile, * * * or means of conveyance of any kind, wherein or whereby any such liquor is being so unlawfully transported, and if such officer shall find any intoxicating liquor being so transported in violation of the Constitution or law of this State or of the United States, it shall be his duty to seize and hold the same and all thereof, subject to the order of the court wherein the cause is triable, and to seize and hold, subject to the order of said court, any such wagon, buggy, automobile, * * * or means of conveyance of any kind * * * used for or in or in connection with any such unlawful transportation, and to immediately arrest and as soon as possible make proper complaint in any court having jurisdiction against any person or persons in charge of the liquor or property seized or any thereof, duly charging such unlawful transportation."

This statute gives authority to seize but not to search, and an officer acting under it is authorized to seize only what he may discover without the unreasonable search prohibited by the Constitution. State v. McCann, 59 Me. 383; State v. Bradley, 96 Me. 121, 51 Atl. 816; Maples v. State, 203 Ala. 153, 82 South. 183; State v. O'Neill, 58 Vt. 140, 2 Atl. 586, 56 Am. St. 557; State v. One Hudson Cabriolet Automobile, 116 Misc. 399, 190 N. Y. Supp. 481; and see State v. Quinn, 111 S. C. 174, 97 S. E. 62, 3 A. L. R. 1500.

A search which is unlawful when it begins is not made lawful by the discovery that an offense has been committed. United States v. Slusser, 270 Fed. 818; Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; U. S. Fidelity & G. Co. v.

State, 121 Miss. 369, 83 South. 610; Town of Blacksburg v. Beam, 104 S. C. 146, 88 S. E. 441, L. R. A. 1916E, 714; People v. Foreman, 218 Mich. 591, 188 N. W. 375; and cases previously cited.

The fact that defendant was transporting liquor not being discoverable without a search, the offense of transporting it was not committed in the presence of the officers and they had no authority to arrest him therefor without a warrant; and the search was unlawful because made without a warrant and not as an incident to a lawful arrest. 2 R. C. L. 467, § 25. If the crime had been a felony, an arrest without a warrant might have been justified and might have justified the search.

The question whether evidence procured by means of an unlawful search of the person, premises or effects of a defendant is admissible for the purpose of proving him guilty of a criminal offense, has been before the courts frequently in late years. It is considered exhaustively and the authorities are collated in the cases and annotations found in 24 A. L. R. beginning at page 1359 and extending to page 1434. In the cases hereinbefore cited, the Supreme Court of the United States holds that the Fourth and Fifth Amendments to the Federal Constitution prohibit the use against the accused, in prosecutions brought by the Federal authorities, of evidence obtained in an unlawful search of his premises or effects made by Federal officers or agents, if timely objection be made. It holds, however, that this inhibition applies only where Federal officers make the unlawful search or cause it to be made, and that evidence obtained in an unlawful search made by state officers or by individuals may be used by the Federal authorities. In addition to cases before cited see Burdeau v. McDowell, 256 U. S. 465, 41 Sup. Ct. 574, 65 L. ed. 1048, 13 A. L. R. 1159.

As these provisions of the Federal Constitution do not apply to the states, the decisions of the Federal Supreme Court construing them are not binding on the state courts when construing similar provisions in state constitutions. This is conceded by all courts both Federal and state.

A large majority of the state courts hold that evidence procured by an unlawful search and seizure, if relevant and material and

otherwise competent, is admissible at the trial of the accused. The annotation found in 24 A. L. R. at page 1411, contains a long list of cases, arranged by states, which hold such evidence admissible. The same annotation at page 1417 contains a similar list of cases which hold it inadmissible. The state courts, quite generally, hold in substance that the fact that evidence is obtained in an unlawful manner is not a sufficient ground for excluding it, and that the use as evidence of incriminating articles taken in an unauthorized search cannot be construed as compelling the defendant to be a witness against himself, for the reason that nothing is asked or required of him. See 8 R. C. L. 194, et seq. and cases cited in 24 A. L. R. 1411.

In State v. Stoffels, 89 Minn. 205, 94 N. W. 675, this court held that incriminating articles (in that case intoxicating liquors) seized under a search warrant were admissible in evidence. Whether such articles were seized under a warrant or without a warrant could make no difference in determining whether using them as evidence would compel the defendant to be a witness against himself in the meaning of the Constitution.

In State v. Hoyle, 98 Minn. 254, 107 N. W. 1130, gambling paraphernalia seized unlawfully was held admissible in evidence.

In State v. Rogne, 115 Minn. 204, 132 N. W. 5, the sheriff and county attorney went upon defendant's premises without his knowledge and found and carried away articles used as evidence at the trial. The court said [at page 206]:

"It is clear that defendant's constitutional rights were in no proper view invaded by the use of the evidence secured by them. The question is covered by the case of State v. Stoffels, 89 Minn. 205, 94 N. W. 675, where the contentions of defendant are fully answered. The fact that the seizure in that case, of evidences of guilt, was under and by virtue of a search warrant, does not change the legal aspect of the question. Defendant was in no proper sense compelled to give evidence against himself. The evidence was found upon his premises, and he was neither requested nor required to produce it."

In State v. Hesse, 154 Minn. 89, 191 N. W. 267, the court remarked that it was not necessary in that case to decide whether the rule of the Federal courts should be followed and our prior decisions overruled, but added that our prior decisions should be followed by trial courts until overruled. In City of Mankato v. Grabowenski, 154 Minn. 265, 191 N. W. 603, a motion was made for the return of liquor on the ground that it had been seized in an unlawful search. The motion was denied and the liquor received in evidence. The court said that the law is settled in this state, "that liquor or other property, though forcibly seized and even though unlawfully seized, may be received in evidence."

One of the latest cases, January, 1923, in which this question has been considered is State v. Tonn, 195 Iowa, 94, 191 N. W. 530, in which the Iowa court, which had previously followed the Federal rule, reviews the authorities, and after remarking, [page 106], "that the overwhelming weight of authority in the State courts is against the rule announced in the Boyd case" and [page 107], that "enforcement of criminal law would be most seriously handicapped in many instances, if not wholly crippled"—by adherence to that rule, say:

"Notwithstanding our previous holding, and notwithstanding the rule recognized by the Supreme Court of the United States, we are disposed to and do hold that the objection to this evidence, when offered in behalf of the State, on the ground that it was obtained by an unlawful search, was not well taken, and that the court did not err in overruling said objection."

Even the Federal rule, as we understand the decisions of the Federal court, does not forbid the use as evidence against the accused of property taken from his possession in an unlawful search, unless he is entitled to have it returned to him and makes timely application for its return. In the Boyd case, cited and followed in the later cases, the court observed [116 U. S. 623]:

"The search for and seizure of stolen or forfeited goods, or goods liable to duties and concealed to avoid the payment thereof, are totally different things from a search for and seizure of a man's private books and papers for the purpose of obtaining information

therein contained, or of using them as evidence against him. The two things differ *toto coelo*. In the one case, the government is entitled to the possession of the property; in the other it is not. The seizure of stolen goods is authorized by the common law; and the seizure of goods forfeited for a breach of the revenue laws, or concealed to avoid the duties payable on them, has been authorized by English statutes for at least two centuries past; and the like seizures have been authorized by our own revenue acts from the commencement of the government."

No one claims that a court should direct that stolen property taken from the possession of the thief should be returned to him, or should refuse to receive it in evidence against him. The defendant is in much the same situation in respect to the liquor involved in the present case. The statutes make it a crime to transport intoxicating liquor or to have it in possession for transportation, and make it the duty of every peace officer to seize such liquor whenever he shall find it being transported, and declare that no property right shall exist in property of any kind used or intended for use in committing a violation of any of the laws relating to intoxicating liquor. Laws 1921, p. 507, c. 335, § 2; Laws 1921, p. 590, c. 391, § 2. The defendant had no property right in the liquor seized. It was contraband and forfeited to the state and he was not entitled to have it returned to him. In a case in which liquor had been seized the Michigan court said (People v. Case, 220 Mich. 379, 190 N. W. 289):

"When its illegal possession or transportation begins it at once becomes the property of the State. One searching for and seizing it does not search for and seize property of the person in illegal possession, and if the State makes the seizure, it is but taking possession of its own property."

The facts in the Michigan case were quite similar to the facts in this case, and the defendant in that case made an application for the return of the liquor and its suppression as evidence similar to the application made by the defendant in this case.

It is not necessary to determine in this case whether property unlawfully taken from the rightful possession of the owner and

which he is entitled to have returned to him, may be used in evidence against him, for the defendant had no property right in the liquor in question, and no right to the possession of it at the time it was seized, and is not entitled to have it returned to him. The state having obtained possession of it, had the right to retain it as property forfeited to the state, and could lawfully use it as evidence.

The judgment is affirmed.