STATE v. JAMES A. SAUER.[1]

June 16, 1944.

No. 33,729.

[1]Reported in 15 N. W. (2d) 17.

592

*Ryan, Ryan & Ryan,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Ralph A. Stone,* Assistant Attorney General, and *A. J. Sullivan,* County Attorney, for the State.

MAGNEY, JUSTICE.

Defendant was convicted of the crime of keeping a disorderly resort. Through substituted attorneys he appeals from an order denying him a new trial.

Defendant admits that the facts as disclosed by the evidence support the verdict. He claims that he is entitled to a new trial because of alleged errors committed at the trial.

Defendant operates a hotel in the city of Brainerd. In the early morning of March 20, 1943, three police officers entered the hotel searching for a missing girl. While going through the building they discovered facts which later led to the arrest of defendant. The officers had no search warrant. Before they left the building they came into possession of the hotel register and took it with them. At the trial it was offered and received in evidence over defendant's objection. He contends that it should not have been received in evidence and that the court erred.

R. F. Titus, one of the officers, when asked how he came into possession of the hotel register, testified:

"He handed it to me. I asked him to see it.

"Q. And you walked out with it?

"A. That is right. I took it with me. I told him I wanted to see it and he handed it to me. * * * I asked him if I could see the register, and he went to the desk and got it and handed it to me."

It thus appears that the register was voluntarily exhibited and surrendered to the officers.

Defendant relies on State v. Stoffels, 89 Minn. 205, 94 N. W. 675; State v. Pluth, 157 Minn. 145, 195 N. W. 789; and State v. Kaasa, 198 Minn. 181, 269 N. W. 365. In the Stoffels case, this court stated (89 Minn. 210, 94 N. W. 677):

"* * * The holding in that case [Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. ed. 746] was that the compulsory production of a man's private papers to establish a criminal charge against him, or to forfeit his property, was in effect an unreasonable search and seizure and compelling him to be a witness against himself. There is a clear distinction between a man's private papers which are neither the subject of crime nor *the means of perpetrating it,* and stolen property, implements of gaming, and other property *kept and used for an unlawful purpose,* which may be given in evidence against the defendant although possession of the same was obtained by a search warrant. This distinction is pointed out in the case relied upon." (Italics supplied.)

The Stoffels, Pluth, and Kaasa cases involved the search for and seizure of intoxicating liquors in and of themselves illegal and contraband. City of Mankato v. Grabowenski, 154 Minn. 265, 267, 191 N. W. 603, gives the rule in this state as follows:

"We find it unnecessary to determine whether Ordinance Number 91 is valid, or whether the liquor was lawfully seized, for the law was settled in this state, by the decisions in State v. Stoffels, 89 Minn. 205, 94 N. W. 675; State v. Hoyle, 98 Minn. 254, 107 N. W. 1130; and State v. Rogne, 115 Minn. 204, 132 N. W. 5, that liquor or other property, though forcibly seized, and even though unlawfully seized, may be received in evidence. These cases were recently

followed, after further consideration of the questions in view of adverse Federal decisions. State v. Hesse [154 Minn. 89, 191 N. W. 267], supra, * * *."

See State v. Kaasa, 198 Minn. 181, 269 N. W. 365.

The evidence discloses that the hotel register in question was used as a "means of perpetrating" the crime of keeping a disorderly resort. It was "kept and used for an unlawful purpose." Defendant permitted persons not married to each other to sign the register as "Mr. and Mrs." and under assumed names. Furthermore, the register was voluntarily exhibited and surrendered, with no demand made for its return. State v. Silver, 169 Minn. 513, 211 N. W. 463. In State v. Rogne, 115 Minn. 204, 132 N. W. 5, the articles seized were pieces of scrap iron, not inherently illegal or contraband. This court held that they were properly received in evidence. In State v. Ryan, 156 Minn. 186, 191, 194 N. W. 396, 398, this court said:

"* * * Whether searches and seizures are unreasonable depends upon the character of the articles procured and the circumstances under which the same are obtained."

Since the hotel register here was used as a means of perpetrating the crime of keeping a disorderly house—an unlawful purpose—it was clearly admissible in evidence.

■ Error is assigned upon the reception of certain testimony as to the general reputation of defendant's hotel. Defendant recognizes the general rule that competent evidence of general reputation is admissible. State v. Bresland, 59 Minn. 281, 61 N. W. 450; State v. Rogers, 145 Minn. 303, 177 N. W. 358. He contends, however, that evidence of that character must be limited to a time shortly before and shortly after, and that certain evidence received in this case was too far removed in time from the date charged in the information. In the Rogers case it is stated (145 Minn. 306, 177 N. W. 359) that the "offense charged consists of a course of conduct continuing in its nature." It follows that a rule unduly limiting testimony showing the character of the place to a time shortly before

the date of the offense charged in the information would be too restrictive. In State v. Riebe, 174 Minn. 603, 218 N. W. 557, the court permitted a police officer to testify that he knew of the reputation of the place and that people from that district had talked to him concerning it within the preceding six months. This court held the evidence admissible. In the instant case the reputation continued up to the time set out in the information. The court in its memorandum aptly put it this way:

"* * * That some of them testified that reputation had continued for a long period, including the present, surely did not indicate they were basing their testimony exclusively on reputation existing at a remote time."

■ Defendant makes the same claim in regard to the admission of certain testimony concerning specific alleged occurrences showing the character of the hotel; namely, that they were too remote in point of time. What we have said in regard to evidence of reputation applies here also. As already stated, the offense charged consisted of a course of conduct continuing in its nature. In the only instance where the court permitted testimony to be received which might have been considered too remote in time, counsel's only objection to its admission was on the ground that it was indefinite as to time. After the adverse ruling, he did not pursue his objection so as to find out when the occurrence took place or move to strike when the time was disclosed.

Other errors in the admission of testimony are claimed by defendant. We have examined them all and find none that are so prejudicial as to require a reversal.

■ Defendant insists that a new trial should have been granted on the ground that it was error to permit Florence Jakkula, the executive secretary of the county welfare board, to act as interpreter, in that she was interested in the case and did not interpret fairly and impartially. The decision of the competency of an interpreter rests in the sound discretion of the court. No objection was made to her appointment nor to her continuing to act. Near

the very close of the case, when the state was offering rebuttal testimony, counsel for defendant stated: "I insist in order to have regularity here, that they use this interpreter as long as they have her here." The trial court found no basis for considering seriously the objection now being made to the interpreter, and we find none.

■ Finally, defendant claims that he was erroneously and illegally sentenced as for conviction of a felony when the crime charged was that of a gross misdemeanor. Minn. St. 1941, § 617.30 (Mason St. 1927, § 10194), under which the information was drawn, reads as follows:

"Every person who shall keep a house of ill-fame or assignation, or a house, tent, vehicle, resort, or place of any description for persons to visit for unlawful sexual intercourse, or for any other lewd, obscene, or indecent purpose, shall be guilty of a felony. Every person who shall keep a disorderly house, or any place of public resort by which the peace, comfort, or decency of a neighborhood is habitually disturbed, or who, as agent or owner, lets a building or any portion thereof, knowing that it is intended to be used for any purpose specified in this section, or who permits a building or any portion thereof to be used for any of the aforesaid purposes, shall be guilty of a gross misdemeanor."

The information charges that defendant "did * * * keep and maintain a certain building as a hotel * * * and did keep and maintain said premises for persons to visit for unlawful sexual intercourse, and did then and there permit divers persons of both sexes in said building to commit acts of fornication and adultery * * *." In other words, he is charged with keeping and maintaining a building for persons to visit for unlawful sexual intercourse. Since that situation is covered by the first sentence of § 617.30, defendant was thus charged with a felony. The court in its instructions to the jury confined the charge to the first sentence of the statute, and it was correct in so doing.

Order affirmed.